726 So.2d 57 (1998)
STATE of Louisiana
v.
Thomas J. LISOTTA.
No. 98-KA-648.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Thomas J. Butler, Caren Morgan, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Thomas J. Lisotta, Gabriel, Defendant/Appellant, in Proper Person.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
*58 GOTHARD, Judge.
This is the second appeal taken to this court in this criminal matter. In the first appeal defendant, Thomas Lisotta, sought review of his conviction and sentence after a trial on a charge of indecent behavior with a juvenile in violation of LSA-R.S. 14:81.[1] We affirmed the conviction; however, we found the seven year prison term to be excessive. Accordingly, this court set aside the sentence and remanded the matter to the trial court for re-sentencing.
In accordance with that directive, the trial court sentenced the defendant to serve six years at hard labor, to run concurrently with the sentence imposed in other related cases. In sentencing the defendant on remand, the trial court specifically stated he did not deny the defendant diminution for good behavior as he was authorized to do by LSA-R.S. 15:537. The trial court also ordered the defendant to comply with the dictates of LSA-R.S. 15:535, 15:538, and 15:542, which require AIDS testing, special conditions of parole and registration as a sex offender upon release. Defendant filed a timely appeal. The only issue presented for our review is that of excessiveness of the sentence.
The Louisiana Constitution in Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La. 1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
The Louisiana Supreme Court addressed the issue of sentencing in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982), noting:
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones, supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La.1980).
The court should consider three factors in reviewing a judge's sentencing discretion:
1. the nature of the crime,
2. the nature and background of the offender, and
3. the sentence imposed for similar crimes by the same court and other courts.
State v. Telsee, 425 So.2d 1251 (La.1983); State v. Richmond, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272.
The defendant was convicted of indecent behavior with juveniles, a violation of LSA-R.S. 14:81, which states:
Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided *59 that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
As previously stated, this court held that the original sentence of seven years, the maximum sentence for this conviction, was excessive and remanded the matter to the trial court for re-sentencing. On remand the trial court sentenced the defendant to serve six years. In doing so, the trial court set out extensive reasons for his sentencing decision. The court carefully considered the guidelines of LSA-C.Cr.P. article 894.1 noting specifically the defendant's denial of responsibility for the offense, the risk for the defendant to commit another crime, the youth of the victim, the defendant's position of authority, and the defendant's need for a correctional environment, among other factors. The trial court also noted that it had considered victim impact statements, as well as statements offered on behalf of and by the defendant. Finally, the court noted that it did not deny the defendant diminution of sentence for good time, and the court allowed the defendant's sentences for this and his other conviction to run concurrently rather than consecutively.
The Louisiana Supreme Court in State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), held that on appeal from a sentence the "only relevant question on review, however, was whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate". We do not find, in light of the trial court's serious consideration of the matter, an abuse of its broad sentencing discretion. Accordingly, we affirm the sentence.
AFFIRMED.
NOTES
[1] State v. Lisotta, 97-406 (La.App. 5 Cir. 2/25/98), 712 So.2d 527.