STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1380

CONSOLIDATED WITH

12-1381

STATE OF LOUISIANA

VERSUS

JERALD C. FOWLER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 9683-09 C/W 9684-09
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and James T. Genovese, Judges.

AFFIRMED AS AMENDED
WITH INSTRUCTIONS.

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jerald C. Fowler**

**John F. DeRosier**
**District Attorney — Fourteenth Judicial District**
**Carla S. Sigler**
**Karen C. McLellan**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, which has been consolidated by this court for opinion purposes, Defendant, Jerald C. Fowler, appeals his sentences pursuant to his convictions for one count of sexual battery, two counts of indecent behavior with a juvenile, and failure to register as a sex offender, alleging constitutionally excessive sentences. For the following reasons, we affirm and amend Defendant's sentences with instructions.

## FACTS AND PROCEDURAL HISTORY

On February 19, 2009, Defendant was charged by bill of indictment, under district court docket number 9683-09 of the Fourteenth Judicial District Court for Calcasieu Parish, with eight counts of sexual battery (counts one to eight), violations of La.R.S. 14:43.1, and two counts of aggravated rape (counts nine and ten), violations of La.R.S. 14:42. On February 1, 2011, the State amended two of the counts of sexual battery to indecent behavior with a juvenile. Defendant pled guilty to two counts of indecent behavior with a juvenile and to one count of sexual battery. The State *nolle prosequied* the remaining charges. The trial court sentenced Defendant to fifteen years at hard labor on each count of indecent behavior with a juvenile and thirty years at hard labor on the sexual battery charge.

Additionally, in district court docket number 9684-09, Defendant was charged by bill of indictment on February 19, 2009, with failure to register as a sex offender, a violation of La.R.S. 15:542. On February 1, 2011, Defendant entered a guilty plea to that charge and was sentenced to five years at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court ordered all

four sentences to run consecutively to each other.[1]

At the guilty plea proceeding, the State set forth the following factual basis for the pleas on these offenses:

1. As to the conviction of sexual battery, the State alleged that in January 2009, Defendant touched, with his hand, the vaginal area of A.T., whose date of birth was March 1, 2005.

2. As to the two convictions of indecent behavior with a juvenile, the State alleged that in January 2009, Defendant touched, with his hand, the vaginal area of J.T., whose date of birth was June 2, 2007, and touched, with his hand, the vaginal area and/or the rectal area of E.C., whose date of birth was November 27, 2000. Defendant confessed to masturbating after each of the sex offenses.

3. As to the conviction of failure to register as a sex offender, the State alleged that Defendant had previously been convicted in Texas of sexual assault of a minor child. Thereafter, between August 1, 2006, and January 21, 2009, Defendant failed to register as a sex offender, failed to notify the sheriff and/or police of his new address, and failed to send out notification cards of being a sex offender as required by law.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent relative to Defendant's sentence upon his conviction for failure to register as a sex offender.

---

[1] A separate appeal has been lodged in *State v. Fowler* under docket number 12-1381 relative to Defendant's sentence on his conviction for failure to register as a sex offender. Defendant's claim of excessive sentence and his assignment of error is the same in both cases, and these cases have been consolidated by this court for opinion purposes to avoid duplication.

Defendant was charged with failure to register as a sex offender between August 1, 2006, and January 21, 2009. At the guilty plea proceeding on this charge, this commission date range was referenced, but the parties agreed that the applicable penalty range was the 2006 version of the statute, which provided for a sentence of one to five years; however, the court indicated the one to five years was without benefit of parole, probation, or suspension of sentence, and the parties agreed.[2]

In 2006, the penalty provision for failing to register as a sex offender was contained in La.R.S. 15:542. For a first offense, an offender faced a fine of not more than one thousand dollars or imprisonment with or without hard labor for not less than one year nor more than five years or both. The statute did not require the sentence to be served without benefit of parole, probation, or suspension of sentence (without benefits). In 2007, the penalty provision was moved to La.R.S. 15:542.1.4. For a first offender, the sentence was changed to a fine of not more than one thousand dollars and imprisonment with hard labor for not less than two years nor more than ten years without benefits. 2007 La. Acts No. 460, § 2. When imposing Defendant's sentence, the judge erroneously referred to the sentencing provisions of La.R.S. 15:542.1.4. The judge imposed Defendant's sentences for indecent behavior and sexual battery without benefits, and then stated, "I think also the failure to register is also without benefit." This is erroneous as the trial court sentenced Defendant on the failure to register as a sex offender without benefits in accordance with the 2007 statute as opposed to the 2006 statute, which did not mandate a sentence without benefits. Consequently, we amend Defendant's sentence for failure to register as a sex offender to delete the provision that it be

_____

[2] The 2006 version of the statute required a person who had been convicted of or had pled guilty to a sex offense and was residing in Louisiana to register within twenty-one days of establishing residence in Louisiana. The record indicates the Defendant's prior offense for which he was required to register was committed in Texas.

3

served without benefits. The trial court is instructed to note the amendment in the court minutes.

## ASSIGNMENT OF ERROR

In his lone assignment of error, Defendant asserts that the imposition of a total of sixty-five years imprisonment without benefits and the rejection of the State's recommendation of a twenty-five-year sentence was constitutionally excessive.

Defendant filed a timely motion to reconsider sentence, asserting the same error as assigned on appeal. In the motion, Defendant asserted in pertinent part:

> Undersigned counsel attests that the sentence of 60[3] years DOC was unduly harsh and burdensome, for the following reasons:
>
> a) He has only one prior felony conviction.
>
> b) The defendant is relatively youthful, and would still like to potentially become a productive member of society for the remainder of his life.
>
> c) The defendant avers that the Court exceeded the jointly recommended sentenced [sic] by more than doubling the sentence imposed. Such a derivation from the recommendation has a chilling effect on assisting the State and the Defense in efficiently resolving cases that come before this Court, and thereby delaying justice for others involved in the judicial system.

The trial court denied the motion without a hearing.

Defendant does not contest the consecutive nature of his sentences, but contests the effect of the consecutive sentences on the overall excessiveness of all the sentences imposed. Additionally, Defendant does not contest that the trial court did not accept the sentencing recommendation, but urges it as a factor when considering the excessiveness. Specifically, Defendant argues:

> By rejecting the State's recommendation, the sentencing court imposed[,] for all practical purposes[,] a life sentence. At 85% the

---

[3] Defendant mistakenly states the total sentence was sixty years instead of sixty-five years.

defendant would serve 55+years[,] and at age 36[,] he would be over age 90 upon release. The reality is this defendant will never leave prison.

Under the facts and circumstances of this case[,] such a sentence is grossly disproportionate and certainly shocks any rational sense of justice. *State v. Dorthey*, 623 So.2d 1276 (La. 1993)[.]

The State responds in pertinent part (record references omitted):

[T]he trial judge did not abuse his broad sentencing discretion. The defendant's attorney argues in brief[,] "[I]t is readily apparent that a sentence tantamount to life imprisonment is unjustified under the facts and circumstances." The State respectfully submits that a review of the facts and circumstances of this case reveals that the defendant's sentence is absolutely and completely justified.

As to the sexual battery charge, the victim[,] A.T.[,] reported to her mother that the defendant touched her on her private part. The defendant subsequently confessed to touching A.T.'s vaginal area and that he became aroused[,] and he masturbated after touching A.T. The sexual assault nurse indicated a notch at the 11 o'clock position on A.T.'s hymen. As to one of the counts of indecent behavior with a juvenile, the defendant confessed to sticking his finger in the vagina of another victim, J.T., for sexual gratification. He admitted that "he used a rubber sleeve over his finger and that he later masturbated and ejaculated." The sexual assault exam showed chaffing on the vagina and tears near the [sic] J.T.'s anus. For the second of the two counts of indecent behavior with a juvenile, the defendant confessed a third victim, E.C., "masturbated his penis in the bathroom," and the defendant "stuck his finger in her vaginal area." E.C. reported that the defendant touched her and she told the nurse during the rectal exam "that that was where the defendant had touched her." As to the one count of failure to register under docket number 9684-09, the defendant was previously convicted in Texas of anally raping a seven year old boy; this offense required registration, which the defendant did not do. The defendant failed to properly notify the authorities of his move.

The State would like [to] point out some other very important facts of the defendant's offenses. First, all of the victims of the offenses were very young children at the time of the commission of the offenses. A.T. was between 2 ½ years old to [4] years old, J.T. was 6 months to less than 2 years old, and E.C. was between 7 and 9 years old. These are ages when children are too young to communicate with an adult as to the abuse. As noted by the trial court, the defendant "knew or should have known that the victims were particularly vulnerable or incapable of resistance due to extreme youth." These children were of the age when children are most defenseless and the most impressionable, and the defendant violated these children for his own pleasure.

5

Second, even though the defendant confessed to these atrocious acts[,] he blamed the young victims for his behavior. The defendant reported to the Calcasieu Parish Sheriff's Office that he knew that what he did was wrong, "but the children knew it was wrong too, and **they came on to him**." (Emphasis in the original). He reported to the deputies that he told the children[,] "[W]hat they had started was wrong and inappropriate[,]" and "they were making him look like a bad guy." And, he reported that "[H]e had told the children that they were wrong for rubbing his penis and touching him."

Finally, in addition to the victims of the offenses to which the defendant pled, the defendant was originally indicted with subjecting other minor children to other reprehensible acts. Unlike the cases cited by the defendant in brief, there were multiple victims involved in the matter *sub judice*. The defendant only pled guilty to charges involving girls, but there were other charges on the indictment involving boys as well. While being questioned by the deputies, the defendant admitted to putting his hand in his step grandson's diaper, "playing" with his penis, and then masturbating once everyone left the home. He had another minor boy perform oral sex on him. Other acts that this defendant committed on these young victims were too appalling and abhorrent to be briefed to this Honorable Court but are contained in the record of these proceedings.

Under docket number 9683-09, this defendant was originally indicted with eight counts of sexual battery and two counts of aggravated rape. In exchange for his guilty plea, the State amended the bill to reflect one count of sexual battery and two counts of indecent behavior with a juvenile. All other charges were *nolle prossed*. Additionally, the defendant's sentence was not enhanced through habitual offender proceedings. Thus, the defendant received a substantial benefit from the reduced sentencing exposure when the State amended two charges and then dismissed the other charges against him. When a defendant ultimately pleads guilty to an offense which fails to sufficiently detail his criminal conduct, the trial court has substantial discretion to impose the maximum sentence for that offense. *State v. Edwards*, 2007-1058 (La.App. 3 Cir. 3/12/08), 979 So.2d 623, 628. The trial court may also gauge the substantial benefit a defendant received from a plea agreement. Where the defendant has achieved a marked reduction in his potential length of incarceration, the trial court's discretion to impose the maximum sentence is enhanced. *Edwards*, 979 So.2d at 628. In this case, had it not been for the amendments, the defendant could have faced life imprisonment for the aggravated rape offense, and 25-99 years for each count of the sexual battery, with a minimum of 25 years to be served without benefit of probation, parole, or suspension of sentence. Obviously, this defendant received a substantial benefit in exchange for his plea.

Further, while the defendant may balk at his current sentence, this Honorable Court should remember that he did not receive the

maximum sentence he could have received. As the trial court told the defendant during his plea colloquy, he could have faced a total 154 years without benefit of probation, parole or suspension of sentence. Thus, this sixty five year sentence is by no means excessive when this Court considers what he could have faced had the State not amended his charges (25 years - life imprisonment) or if the defendant had received the maximum sentence of 154 years.

Moreover, the trial court was correct in ordering consecutive sentences. Under LSA-C.Cr.P. Art. 883, the presumption would be that the sentences would be served consecutively, rather than concurrently, because of the different victims. *State v. Granger*, 2008-1481 (La.App. 3 Cir. 6/3/09), 11 So.3d 683, 689. LSA- C.Cr.P. Art. 883 details the general rule that concurrent sentences are appropriate when the defendant is convicted of two (2) or more offenses based on the same act or transaction, or for those constituting part of a common scheme or plan. When there is no common scheme or plan, and the offenses are separate acts or transactions, sentences are presumed to run consecutively, unless the trial court expressly directs otherwise. LSA-C.Cr.P. Art. 883.

The defendant pled guilty to one count of sexual battery, two counts of indecent behavior with a juvenile, and one count of failure to register. Each count that the defendant pled guilty to had a different victim, A.T., J.T. and E.C. Thus, these crimes involved different offenses against different victims. The defendant's convictions are not based on the same act or transaction, or a common scheme or plan.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant.

7

*State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183], stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

Additionally, this court has held the consecutive nature of the sentences will be included in a bare claim of excessiveness analysis. *See State v. Vollm*, 04-837 (La.App. 3 Cir 11/10/04), 887 So.2d 664; *State v. Day*, 05-287 (La.App. 3 Cir. 11/2/05), 915 So.2d 950.

***OVERALL EXCESSIVENESS OF THE SENTENCES DUE TO THE CONSECUTIVE NATURE OF ALL THE SENTENCES IMPOSED***:

Louisiana Code of Criminal Procedure Article 883 provides:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

In *State v. H.B.*, 06-1436 (La.App. 3 Cir. 4/4/07), 955 So.2d 255, the defendant challenged the imposition of three consecutive terms of ten years at hard labor on his three convictions of second-degree sexual battery. The defendant contended that his sentences should have been ordered to be served concurrently because they were based on the same act or transaction or were part of a common scheme or plan. This court found the defendant's contention lacked merit,

8

explaining that, "Review of the jurisprudence shows that different victims, places, or dates mean different transactions and different schemes or plans." *Id*. at 260.

In *State v. Granger*, 08-1480 (La.App. 3 Cir. 6/3/09), 11 So.3d 658, the defendant challenged the overall excessiveness of his consecutive sentences imposed by the trial court. As in this case, the sentences arose out of crimes charged in separate docket numbers involving separate crimes and victims. The defendant entered a guilty plea to theft over $500.00, and he also entered guilty pleas for five other offenses, charged in separate charging instruments. The trial court sentenced the defendant to six years at hard labor and ordered the sentence to run consecutively to the six-year sentences imposed on the other five charges to which he also pled guilty. On appeal, the defendant challenged his sentence as excessive, particularly because the six-year sentence was ordered to run consecutively to the six-year sentences imposed on the other five charges. The defendant did not specifically raise the error of consecutive sentences in his motion to reconsider sentence filed in the trial court; thus, he was limited to a bare excessiveness claim. This court held in pertinent part:

> With regard to excessive sentence claims, this court stated:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 [(]La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

9

*State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

The trial court, at the sentencing hearing, stated:

At this time the Court is called upon to go through Article 894.1 with regard to the sentencing guidelines. 894.1 indicates that there should be a sentence of imprisonment if any of the following occurs.

. . . .

The offender has used his position or status to facilitate the commission of these offenses. The victims in this case were vulnerable. They trusted the defendant, many of them in times of need following the hurricane and needing help to assist them in other repairs and items. The defendant has used his position and ability to be somewhat of a craftsman as far as floor coverings and such to gain their trust and then once he's received funds then basically disappears with those monies and not provide the services that he previously rendered. In addition, he has submitted a number of worthless checks in an attempt to obtain something for nothing.

Other aggravating [sic], it is noted that these offenses have resulted in significant permanent injury or economic losses to the victims. In reviewing the pre-sentence investigation there is an aggregate of $46,622.76 from a number of victims that was determined by the officer with Probation and Parole and that is a significant economic expense, as well as the inability then to trust other individuals could cause some permanent detriment to the victims in this matter. The Court would find that aggravating.

The offenses involve multiple victims and incidences for which separate sentences have not been imposed. While the matters before the Court include six separate felony offenses, it is noted that there were a number of other offenses pursuant to that guilty plea that were in fact dismissed and the Court is not considering those, however it is noted that multiple victims and incidences did exist for aggravating purposes.

The offender was persistently involved in similar offenses not already considered as a criminal history or part of a multiple offender adjudication. He's not been addressed as a multiple offender, however in a review of his history, while there's not been convictions, the Court cannot ignore the number of allegations that have been brought against the defendant for the past fifteen, twenty years. The Court also finds that this offense was a major economic offense.

. . . .

At this time the defendant has pleaded guilty to docket 20582-02, felony worthless checks in an amount greater than $500; docket 3827-03, theft greater than $500, noting that that was one count with multiple victims inclusive; docket 28024-02, theft greater than $500; docket 20576-03, theft greater than $500; docket 4995-02, theft by fraud; and docket 28023-02, theft greater than $500.

At this time the Court hereby sentences the defendant, Mr. Joseph Alford Granger, to serve the sum of six years on each of those dockets. That term will run consecutive with one another and the Court at this time references Code Article 883 of the *Code of Criminal Procedure*. As previously indicated the Court is of the opinion it needs to annunciate particular justification if the sentence should be established as consecutive. The basis of that, the Court finds that the defendant has used his position to prey on societal needs. Each of these victims was an individual that had unique issues, losses, for which the defendant took advantage of. They occurred on different times, different physical locations, and all with the defendant's intent to take from that specific victim or the matters associated with those specific dockets. Some were property takings, some were money takings for equipment rental, repair. Some were monies that were going to be received in advance to repair, such as remodeling or installing flooring, and many of the others were significant issuance of worthless checks to vendors or creditors that the defendant has pled guilty to knowing that there were no funds to pay for those.

The defendant will serve a total of 36 years with the Department of Corrections as a result of that.

The defendant in this case committed separate crimes, with separate victims, locations, and dates. Pursuant to La.Code Crim. P. art. 883, the sentence was to be served consecutively, *unless* the court

11

expressly directed that it be served concurrently. Accordingly, the trial court did not err in ordering that the six sentences run consecutively.

Regarding the determination of whether the penalty imposed shocks one's sense of justice, we note that the defendant received a mid-range sentence. Louisiana Revised Statutes 14:67(B)(1) instructs that the penalty for theft over $500.00 includes imprisonment of up to ten years with or without hard labor, or a fine of up to three thousand dollars, or both. The defendant was sentenced to six years, a mid-range sentence. Additionally, the defendant benefited from the aggregation of the three charges into a single count. *See* La.R.S. 14:67(C) and La.Code Crim.P. art. 481. As such, this assignment of error lacks merit.

*Id*. at 661-63 (footnote omitted).

In this case, as in *Granger*, the crimes involved different victims, places, and dates; thus, pursuant to La.Code Crim.P. art. 883, the sentences imposed were to be served consecutively, *unless* the court expressly directed that they be served concurrently. Consequently, this court finds the trial court did not err in ordering the sentences to run consecutively.

*EXCESSIVENESS OF THE SENTENCES*:

We must next consider whether the trial court abused its discretion by imposing excessive sentences. As noted above, the *Lisotta* factors are applied when reviewing a claim of excessiveness of the sentence.

*Nature of the crime*:

In the State's brief to this court, the State sets out in detail the facts surrounding these sexual offenses which are contained above. The young age of the victims is most notable: A.T. was four years old; J.T. was less than two years old; and, E.C. was eight to nine years old at the time of the sexual abuse. Additionally, Defendant had previously committed a similar crime in Texas against a seven year old. Furthermore, sex offenses involving other minors were dismissed by the State.

12

*The nature and background of the offender*:

During the plea colloquy, Defendant indicated he completed the twelfth grade. Also, as noted above, Defendant had been previously convicted of a sex offense against a minor child in Texas.

In imposing the sentences, the trial court gave the following reasons:

THE COURT:

At this time the Court declines to accept the recommendation that has been submitted. The Court is called upon to look under sentencing guidelines in determining an appropriate sentence. When the defendant has been convicted of a felony, the Court should impose a sentence of imprisonment if any of the following occurs:

Is there an undue risk that during a period of any suspended or probated sentence the defendant would commit another offense?

It is noted that the defendant had an opportunity, after being released from the State of Texas, did commit another offense (sic). The history and background, as well as the number of victims involved in this, would indicate in the affirmative.

Is the defendant in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution?

Again, it is apparent that Mr. Fowler needs some type of intensive incarceration, as well as extensive treatment in the hopes of, not only curing past behavior, but also providing public safety by his not having access to young children.

Would a lesser sentence deprecate the seriousness of the defendant's crime?

As indicated by the statutes and the seriousness of those penalties, the Court would find that any lesser sentence of incarceration would deprecate, and answers that in the affirmative.

The degree of incarceration is guided under aggravating and mitigating circumstances. The Court reviews the following and would make the finding that the offender's conduct during the commission of this offense was manifested and deliberate cruelty to the victims by its very nature and description, which admissions have been made. The offender knew or should have known that the victims were particularly vulnerable or incapable of resistance due to extreme youth. The offender apparently used his position or status in the

13

commission of the offense, being in some type of position of trust or supervision to have access to the children in this capacity.

The offense of sexual battery is one in which actual violence would be deemed to have occurred in the commission of the offense, that being designated as a crime of violence.

While the Court has no information with regard to either psychological or economic losses, it is noted that generally that the type of incidents that have occurred do cause significant permanent injury either from a psychological standpoint or other to the victims and/or their families.

The offenses involved multiple victims or incidents for which separate sentences have not been imposed. It is noted that three distinct victims have been made a part, but the State has made the Court aware that there were other individuals in which no charges are being pursued.

Does he have a drug problem?

MR. COWARD:

I don't believe so, Judge.

THE COURT:

Other relevant aggravating circumstances, obviously, the age of the individuals, the behavior with regard to those and the past opportunity to try and address the problems. But yet, leaving the State of Texas where he's required to register, moving to another location, apparently not registering, maintaining false pretenses and returning to the behavior for which he was allowed to be free on society. It does appear that this conduct will cause or threaten serious harm to the public, more aggravating than mitigating. The defendant acted under strong provocation. The Court has received informal information about the abuse that the defendant may have received as a child, noting that many of the treatises and authoritative works with regard to sex offenders are consistent with that. However, it does not provide the Defense to justify the action.

Having no history of prior delinquency or activity, the Court finds more aggravating than mitigating, specifically with the fact that the defendant has a prior sex offense involving a young child.

Is the likely conduct the result of circumstances unlikely to reoccur? More aggravating than mitigating. Circumstances indicate to the contrary.

14

Is he likely to respond to probationary treatment? More aggravating than mitigating, noting that he did not conform to the previous sex offender registration requirements.

Are you married?

MR. FOWLER:

Divorced.

THE COURT:

Anybody dependent upon you for support?

MR. FOWLER:

No.

THE COURT:

If they were not mentioned, then the Court would find that the other factors were either deemed insignificant or inapplicable to the instant offense.

*The sentence imposed for similar crimes by the same court and other courts*:

At the time of the commission of the offense, 2009, the penalty for sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older was imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years with at least twenty-five years of the sentence to be served without benefits. La.R.S. 14:43.1. Thus, Defendant was sentenced to a low range sentence for the offense of sexual battery.

The facts indicate that Defendant touched, with his hand, the vaginal area of the victim A.T., who was four years old at the time. In *State v. Redfearn*, 44,709 (La.App. 2 Cir. 9/23/09), 22 So.3d 1078, *writ denied*, 09-2206 (La. 4/9/10), 31 So.3d 381, the court found a forty-year hard labor sentence for sexual battery, which included thirty years without benefits, was not excessive. The victim, a five-year-old girl, testified her father, while they were both naked, got in bed with her and her father touched her vaginal area with his hand and penis.

The penalty for indecent behavior with a juvenile under the age of thirteen, when the offender is seventeen years of age or older, is two to twenty-five years at hard labor, with at least two years of the sentence to be served without benefits. La.R.S. 14:81. Thus, in this case, Defendant's fifteen year sentence for the offense of indecent behavior with a juvenile was mid-range.

The facts indicate that Defendant touched the vaginal areas of J.T., who was less than two years old, and E.C., who was eight or nine years old. In *State v. Fregia*, 12-646 (La.App. 3 Cir. 12/5/12), 105 So.3d 999, the defendant pled guilty to indecent behavior with a juvenile under the age of thirteen years and was sentenced to the maximum sentence, twenty-five years at hard labor. On appeal, the defendant challenged the excessiveness of his sentence. This court affirmed that twenty-five year sentence.

In the present case, Defendant benefited from his plea agreement. The State reduced two of the sexual battery charges to indecent behavior with a juvenile. This reduced Defendant's mandatory sentencing exposure as the sentencing range of indecent behavior with a juvenile under the age of thirteen, when the offender is seventeen years of age or older, is two to twenty-five years at hard labor; whereas, sexual battery is a minimum of twenty-five years. Additionally, the State dismissed four other counts of sexual battery and two counts of aggravated rape. The aggravated rape charges exposed Defendant to life imprisonment.[4] Furthermore, the State agreed to not enhance Defendant's sentence as a habitual offender.

Relevant to Defendant's sentence for his failure to register as a sex offender, the agreed-upon date of the commission of this offense was 2006. At that time, the

---

[4] The penalty for aggravated rape of a person under the age of thirteen, a violation of La.R.S. 14:42, was either life imprisonment or the death penalty, as elected by the District Attorney. The District Attorney did not elect the death penalty in this case. Additionally, the death penalty for this crime was found unconstitutional by the United States Supreme Court.

16

penalty provision for failing to register as a sex offender was contained in La.R.S. 15:542. For a first offense, an offender faced a fine of not more than $1,000.00 or imprisonment with or without hard labor for not less than one year nor more than five years or both. Thus, Defendant was sentenced to the maximum term, although the trial could have imposed a fine in addition to the maximum term.

In *State v. Bergeron*, 12-71 (La.App. 3 Cir. 10/3/12), 99 So.3d 90, *writ denied*, 12-2388 (La. 4/26/13), __ So.3d __, the defendant was convicted of failure to register as a sex offender because he moved and failed to notify authorities of his new address and send out the required notice. At the time of the commission of the offense, the penalty was a fine of not more than $1,000.00 and imprisonment at hard labor for not less than two nor more than ten years without benefits. La.R.S. 15:542.1.4. The defendant was sentenced to serve the maximum term of incarceration. On appeal, the defendant challenged the sentence as excessive. This court affirmed the sentence. In doing so, this court noted that in the trial court's reasons for imposing the sentence, the trial court stated the defendant knowingly violated the registration statute when he could have complied easily through the assistance of his brother or other people.

We note that, at the guilty plea proceeding, Defendant did not offer any excuse for failure to register. Moreover, based upon the charging instrument, Defendant was in Louisiana for over two years without registering as a sex offender. During that time, he committed sexual offenses in Louisiana. Therefore, in applying the *Lisotta* factors, we find that the trial court did not abuse its discretion in imposing the five year sentence.

Defendant's assignment of error of excessive sentence as to all sentences for all offenses is without merit.

## DISPOSITION

Defendant's sentence for failure to register as a sex offender is amended to delete the provision that it be served without the benefit of parole, probation, or suspension of sentence, and the trial court is instructed to note the amendment in its court minutes. In all other respects, Defendant's sentences are affirmed in their entirety.

**AFFIRMED AS AMENDED WITH INSTRUCTIONS.**