NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-362

STATE OF LOUISIANA

VERSUS

EZIKEL RUBEN, JR.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 95378
HONORABLE TONY ALAN BENNETT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

AFFIRMED.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
    Ezikel Ruben, Jr.

**Terry W. Lambright**
**District Attorney, Thirtieth Judicial District**
**William R. Thornton**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

On May 4, 2020, the defendant, Ezikel Ruben, Jr., was charged by bill of information with one count of possession of cocaine, in violation of La.R.S. 40:967(C), and one count of possession with intent to distribute cocaine, in violation of La.R.S. 40:967(A). The district court docket number was 95378.

On December 8, 2020, he entered into a plea agreement in which count two was dismissed in exchange for a guilty plea to one count of possession of cocaine not less than 2 grams and not more than 28 grams. As part of the plea agreement, the defendant also entered a guilty plea to two counts of possession of stolen firearms in docket number 93882. All other remaining charges were dismissed by the state.

On February 4, 2021, the trial court sentenced the defendant to serve four years at hard labor on each count of illegal possession of stolen firearms in docket number 93882, and four years at hard labor for possession of cocaine in docket number 95378. The court ordered that the two sentences for illegal possession of stolen firearms be served concurrently with each other, but consecutively to his sentence for possession of cocaine.

On February 5, 2021, the defendant filed a motion to reconsider the sentences, but the trial court denied this motion on February 9, 2021, without a hearing. On February 12, 2021, the defendant filed a timely motion for appeal, which the trial court granted on February 25, 2021. The defendant is now before this court asserting one assignment of error regarding his sentence for possession of cocaine.

## FACTS

The facts of the case were presented by the state during the defendant's plea entry proceeding. Both the state and defense counsel accepted the factual recitation as follows:

> Yes, sir, Judge, under Docket Number 93,882, the State would contend that on or about January the 4th, 2019 that this defendant committed the offense of illegal possession of stolen firearms in that he did intentionally possess, procure, receive, or conceal firearms which had been the subject of a misappropriation or theft.

> Also, in Count Number 2 of that Bill of Information, the State would contend the same thing, that on or about that same date, the defendant committed the offense of illegal possession of stolen firearms in that he did intentionally possess, procure, receive, or conceal firearms which had been the subject of a misappropriation or theft. A burglary had occurred, Judge, out at the E-Z Pawn Shop, uh, back on that date. A warrant was issued by the A.T.F. and Vernon Parish Sheriff's Office, uh, at 1250 Maple Street here in Leesville, Louisiana. While executing the search warrant, officers came into contact with the defendant, who identified himself as Ezikel Ruben, Jr., uh, who resided in that – the residence, I believe with his wife. While executing the search warrant, several firearms were located in the bedroom belonging to Ruben. The firearms were located, they were identified as firearms that were stolen from the E-Z Pawn Shop. Uh, this defendant indicated that he was holding the firearms for someone but he didn't know their names.

> Uh, in Bill of Information 95,378, the State would contend that on or about February the 10th, 2020 that this defendant did intentionally and knowingly possess a controlled dangerous substance classified as Schedule II, to wit, cocaine. Uh, back on that date, Agent Black was doing criminal patrol, stopped a vehicle in which this defendant was a passenger. And due to the nervousness of the driver, this officer asked whether or not he could search the vehicle, which he was given permission. Uh, as he searched the vehicle, he located a pack of Kool cigarettes on the passenger seat, asked the passenger - - who was this defendant - - if they were his. He indicated that they were. Inside the pack of cigarettes was a short straw and a plastic bag containing a white powder, which was subsequently submitted to the Crime Lab, that tested positive as cocaine, Judge. All of this occurred in Vernon Parish, State of Louisiana.

## ASSIGNMENTS OF ERROR

The four-year sentence imposed for possession of a small amount of cocaine is excessive for this offender and offense. The trial court

failed to sufficiently individualize the sentence to this offender and offense.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the defendant asserts that "Error patent requires remand for resentencing as the court sentenced [Defendant] for possession of cocaine greater than 28 grams, when the plea of guilty was for an amount between 2 grams and 28 grams." Upon inspection of the entire record, we note that the bill of information indicates the defendant was charged with La.R.S. 40:967(C) which is the provision proscribing possession of two grams or more but less than twenty-eight grams, whereas possession for greater than twenty-grams is under 40:967(D); the commitment order indicates the defendant was charged with La.R.S. 40:967(C); during the plea colloquy the court asked the defendant if he was pleading guilty to possession over two grams and then the court read from La.R.S. 40:967(C) as well as (C)(2). The record also shows that during sentencing, the trial court, when initially reading out the defendant's charges, read the correct charge and sentencing range corresponding to La.R.S. 40:967(C)(2). However, the transcript also shows that the trial court stated the defendant "pled guilty to possession of Schedule II over twenty-eight grams" and during imposition of sentence, the court stated "possession of Schedule II over twenty-eight grams [and] that you serve four years at hard labor." At that time, the defendant attempted to interject by saying, "Your Honor, I didn't have but - -", but the trial judge stated that he already gave the defendant an opportunity to speak.

3

While the court may have said possession "over twenty-eight grams," the record reflects the trial court read the correct statute and sentencing range from La.R.S. 40:967(C) both during the plea colloquy and sentencing and at no point mentioned subsection D, which discusses the amount greater than twenty-eight grams. The actual sentence imposed, four years, is consistent with the sentencing range found in La.R.S. 40:967(C)(2) and is less than the maximum sentence.

In *State v. Diggins*, 12-15, pp. 5-7 (La.App. 4 Cir. 10/23/13), 126 So.3d 770, 779-80, *writ denied*, 13-2742 (La. 5/23/14), 140 So.3d 723, the fourth circuit held:

> A review of the record for errors patent reveals error in the trial court's imposition of sentence. At the sentencing hearing, the trial court referenced the incorrect subsection and paragraph of the Habitual Offender Law under which defendant's sentence was imposed, but the minutes and sentencing order reflect a proper sentence in conformity with the correct provisions of the statute. The trial court also failed to restrict defendant's eligibility for parole in accordance with the relevant sentencing statutes. Although La. R.S. 15:530.1 self-activates the correction to the parole eligibility restriction, we clarify the specific provision of the statute by which defendant's sentence was imposed.
>
> . . . .
>
> The sentencing hearing transcript, minutes, and order to the Department of Corrections reflect that the trial court imposed a sentence conforming to La. R.S. 15:529.1(A)(4)(a), despite referencing paragraph (b) during the sentencing hearing.

Similar to *Diggins*, the trial judge in the present case referenced the incorrect offense when he said, "greater than twenty-eight grams," but the trial court's initial statement during sentencing, the charges discussed during the plea colloquy, the commitment order, the plea agreement, and bill of information, indicate that the trial court misspoke and meant to say "greater than two grams but less than twenty-grams" as La.R.S. 40:967(C)(2) states.

In *State v. Session*, 04-1325, pp. 4-5 (La.App. 5 Cir. 4/26/05), 902 So.2d 506, 507–08 (footnote omitted), the fifth circuit held:

4

By this assignment of error the Defendant argues that his sentence to three and one half years for the offense of attempted simple robbery is excessive. He points out that three and one half years is the maximum sentence for the offense and that he is not the worst offender since he was only trying to collect a debt. Further, the Defendant points out that the trial judge referred to the wrong offense when he sentenced him, stating that he had been convicted of attempt armed robbery, rather than attempted simple robbery.

The State argues that, since the sentence imposed was proper for the convicted offense, attempted simple robbery, it should not be set aside because of the trial court's reference to the wrong offense. We disagree.

In reviewing the entire record, we find that the trial court, in sentencing the Defendant, stated that the Defendant had been found guilty of attempted armed robbery, when the Defendant had in fact been found guilty of attempted simple robbery. We find nothing in the remainder of the sentencing transcript to indicate whether this was an inadvertent error in reference or an actual mistaken belief by the trial court. The imposed sentence of three and one half years falls within the sentencing range for both offenses.

However, if the trial judge believed he was sentencing the Defendant for a conviction of attempted armed robbery, a three and one-half year sentence would have been minimal since the maximum sentence for attempted armed robbery is forty-nine and one-half years. La. R.S. 14:27 and 14:64; *State v. Robicheaux,* 03–1063 (La.App. 5th Cir.12/30/03), 865 So.2d 149, 153, *writ denied,* 04–0381 (La.6/25/04), 876 So.2d 830. Whereas, a three and one-half year sentence for attempted simple robbery is the maximum sentence. La. R.S. 14:27 and 14:65. Since it is impossible to determine that the sentence was not imposed in error for the wrong offense, it must be vacated.

Similar to *Session*, the trial court in the present case referred to the wrong offense when sentencing the defendant by stating "greater than twenty-eight grams"; however, this case is distinguishable from *Session* in that the sentenced imposed here was not the maximum sentence for either possession of cocaine with an aggregate weight of twenty-eight grams or more or possession of cocaine with an aggregate weight of two or more grams but less than twenty-eight grams. The sentencing range for La.R.S. 40:967(D) for greater than twenty-eight grams is imprisonment "at hard labor for not less than one year nor more than twenty years and may, in addition, be fined not more than fifty thousand dollars." Whereas the

sentencing range for La.R.S 40:967(C)(2) is imprisonment "with or without hard labor, for not less than one year nor more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars." The sentence here was four years which falls below the maximum sentence in either subsection (C) or (D), and thus is distinguishable from *Session*. Furthermore, unlike in *Session*, during the sentencing hearing the trial court initially read the correct statutory provision before stating the incorrect weight amount. Therefore, we find that the trial court misspoke rather than imposed an illegal sentence or made a mistake of law.

## ASSIGNMENT OF ERROR NUMBER TWO

In the defendant's second assignment of error, he asserts that he possessed a very small amount of cocaine, .397 grams of powder. "The small amount of drugs possessed supports a sentence in the low end of the sentencing range, not a four-year sentence near the maximum allowed." The defendant asserts the trial court failed to sufficiently individualize the sentences to him and failed to consider applicable mitigating factors.

The state filed a brief asserting the trial court properly considered aggravating and mitigating factors in the defendant's case, and the court did not abuse its discretion in sentencing the defendant.

Before addressing the defendant's excessive sentence claim, this court will first look to the defendant's motion to reconsider sentence. In this motion, the defendant asserted the following:

> [Defendant] pled guilty to two (2) counts of Illegal Possession of a Firearm and one (1) count of Possession of Schedule II CDS. Appellant was sentenced on February 4, 2021, to four (4) years for each count. Two (2) counts are to run consecutive with each other and the other count is to run concurrent with all charges. This shall be a total of eight (8) years.

6

The sentence imposed is excessive as applied to this defendant, in violation of Louisiana Constitution Article 1, Section 20, because the sentence imposed is grossly disproportionate to the seriousness of the offense, makes no measurable contribution to acceptable goals of punishment, and is nothing more that [sic] the purposeless imposition of pain and suffering.

. . . .

The sentence imposed, although within the statutory limits, is a manifest abuse of discretion.

. . . .

The trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed.

The defendant incorrectly described the sentence, as he was sentenced to four years on each count of possession of a stolen firearm to run concurrently with each other but consecutively to his four years for possession of cocaine. Additionally, the defendant raises an additional claim in his brief which was not included in the motion to reconsider sentence, arguing that statements made by the judge during sentencing do not comply with La.Code Crim.P. art. 894.1.

In *State v. Abshire*, 18-717, p. 4 (La.App. 3 Cir. 3/13/19), 269 So.3d 1020, 1024, this court held:

Under La.Code Crim.P. art. 881.1(E), the failure to make or timely file a motion to reconsider sentence or to include a specific ground for reconsideration precludes a defendant from raising an objection to the sentence or urging any ground not raised in the motion on appeal. *See State v. Barling,* 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. In *State v. Mims*, 619 So.2d 1059, 1059-60 (La. 1993), the supreme court explained:

If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the

7

proceedings when the trial court was in a position to correct the deficiency.

Given Defendant's failure to raise, in either his motion to reconsider or in the proffer he offered at the hearing on that motion, the issue of whether the trial court made improper and unsubstantiated assumptions in fashioning Defendant's sentence, we conclude that Defendant is barred from making those arguments on appeal. Nevertheless, we will consider Defendant's claim that his ten-year sentence is excessive in our discussion of his first assigned error.

Based on the above case law, the defendant is relegated to having this court consider a bare claim of excessiveness. Therefore, the other claims which were not raised in his motion to reconsider sentence are not considered by this court. Regarding appellate review of an excessive sentence claim, the general analysis is well-settled:

> Both the United States and Louisiana constitutions guarantee that no person shall be subject to cruel and unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is excessive when a reviewing court finds that the penalty is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. The trial court has broad sentencing discretion, and a sentence within statutory limits will not be set aside absent a manifest abuse of that discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067. However, sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979).

> In reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State*

> *v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991).
> Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-772, pp. 3-4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, 1011, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

The only relevant question to consider on review is not whether another sentence would be more appropriate but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 674 So.2d 957.

The defendant's sentence is not problematic per the three-prong test outlined in *State v. Lisotta*, 98-648, p. 2 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58.

The first prong of the *Lisotta* analysis requires consideration of the nature of the offense. The sentencing range for possession of cocaine with an aggregate weight of two grams or more but less than twenty-eight grams under La.R.S. 40:967(C), requires imprisonment, with or without hard labor, for not less than one year nor more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars. During the sentencing hearing, the trial court found that "[t]here is always significant economic harm or impact on society in general in the use of distribution of illegal drugs.

The second prong of the *Lisotta* analysis requires an examination of the nature of the offender. The record indicates that the trial court reviewed the sentencing guidelines and the presentence investigation report (PSI) and found the following information: The defendant was forty-three years of age and has three children "with another on the way." The defendant is in good health; he attended Leesville High School through tenth grade; he enrolled in Gary Jobs Corps in San Marcos, Texas and obtained his G.E.D. in 1996; has a history of alcohol or drug

abuse; has received drug or alcohol treatment in the past; the defendant is not eligible for probation as this was his third felony; and that there was undue risk the defendant will commit another crime. The trial court then read into the record the defendant's prior crimes which included: in 1999, the defendant was charged with possession with intent to distribute or manufacture marijuana and contributing to the delinquency of a juvenile, but he ended up pleading guilty to misdemeanors. In 2002, the defendant was convicted of possession with intent to distribute cocaine and was sentenced to six years, suspended with five-years' probation. In 2003, the defendant was convicted of distribution of cocaine, and was sentenced to nine years in prison, but was released early on good time. "[A]s part of that, in 2003, there was battery of a police officer . . . resisting . . . [w]hen he got out on good time, he had to serve . . . time on the misdemeanor. He was released early, and he did not pay the fees on that." The trial court noted that the defendant is a third felony offender. "Clearly, Mr. Ruben cannot be habilitated [sic]. He's been committing the same types of crimes. In 2002 and '03, he was involved with cocaine. And 2003, that included an aggravated battery with a dangerous weapon. He was given six years probated sentence and that was revoked because he committed another charge dealing with cocaine." "[B]ased on the charges and your . . . prior criminal history, I do not have any hope of safety for the citizens of Vernon Parish if you're on the street." The record shows the trial court considered the defendant's nature and criminal history and also considered the defendant's personal statement made for the presentencing investigation report. The record indicates that the trial judge was made aware of potentially mitigating factors concerning the defendant through his personal statement, but in light of his criminal history, ordered the defendant to serve four years for the possession of

cocaine to run consecutively with the four-year concurrent sentences for possession of stolen firearms.

Sentences imposed for similar crimes are analyzed under the third prong of *Lisotta*. A review of comparative cases reveals that similar sentences have been imposed for similar cases and offenders.

In *State v. Gilmore*, 10-709, p. 8 (La.App. 3 Cir. 12/8/10), 54 So.3d 146, 151–52, this court affirmed a maximum five-year sentence for possession of cocaine and held:

> Defendant was twenty-eight years of age at the time of sentencing and had already had four felony convictions. Defendant's presentence investigation report revealed that he had an extensive arrest record, starting in 1998, which included arrests for drug offenses, theft, violent crimes against persons, and attempted sex crimes. He received a significant benefit from his plea agreement in that a serious offense, aggravated battery, was dismissed, and the State agreed not to file an habitual offender bill against him. Considering the record before this court, we do not find that the trial court abused its vast discretion when it sentenced Defendant to five years imprisonment [sic]. Accordingly, we find no merit in either of Defendant's assignments of error.

In *State v. Fairley,* 02–168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, the defendant received five years at hard labor on a conviction for possession of cocaine. He alleged that the trial court abused its discretion in sentencing him to a maximum sentence. However, the fifth circuit held that "Defendant did not receive the maximum sentence, since the trial judge did not impose a fine. Under all of the circumstances in this case, particularly defendant's criminal history, we find that the trial judge did not abuse his sentencing discretion." *Id.* at 815-16.

In *State v. Williams*, 07-490, p. 4 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, 747, this court affirmed a defendant's five-year sentence and a fifteen hundred dollar fine for possession of cocaine. This court held:

> After reviewing the record, we find that the defendant's sentences are not excessive. This is the defendant's third drug

conviction. He was originally charged with possession with intent to distribute cocaine, for which the penalty is a sentence of up to thirty years, with the first two years being served without benefit of parole, probation, or suspension of sentence, and a possible fine of up to fifty thousand dollars. La.R.S. 40:967(B)(4)(b). By entering into a plea agreement, the defendant's potential maximum sentence was reduced significantly, and the State agreed not to file a habitual offender bill. Given the circumstances, we find that the trial court did not abuse its discretion in imposing its sentence.

The defendant's sentence of four years for possession of cocaine is less than the maximum term of incarceration, and the maximum sentence has consistently been upheld for other defendants in similar circumstances. Additionally, the only fine or fee that was imposed was $150 to be paid for the presentence investigation. In this case, the trial court was troubled by the defendant's criminal history and imposed the four-year sentence. The record indicates the trial court was aware of all sentencing factors present in the instant case, and the record supports the sentences imposed. Thus, we find the defendant's sentence is not unconstitutionally excessive and that the trial court did not abuse its discretion.

In conclusion, we do not find that the trial court failed to take adequate notice of potential mitigating factors when the court fashioned its four-year sentence to run consecutively with his other possession of stolen firearms sentences.

While not raised directly in the defendant's motion to reconsider sentence, we deem it appropriate to address the consecutive nature of the sentence. This court has held the consecutive nature of the sentences will be included in a bare claim of excessiveness analysis. *State v. Fowler*, 12-1380 (La.App. 3 Cir. 6/5/13), 114 So.3d 650. Louisiana Code of Criminal Procedure Article 883 states:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless

12

the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

This court's ruling in *State v. Coleman*, 12-372, p. 2 (La.App. 3 Cir. 11/7/12), 101 So.3d 612, 613, is directly applicable to this case:

> Defendant argues that the trial judge erred in ordering that his sentences be served consecutively rather than concurrently. We disagree. Louisiana Code of Criminal Procedure Article 883 states that if a defendant is convicted of two or more crimes based on "the same act or transaction" or "constituting parts of a common scheme or plan," then the sentences shall be served concurrently unless the judge unambiguously states that they are to run consecutively. Other sentences "shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." La.Code Crim.P. art. 883. Moreover,  imposing consecutive sentences for crimes occurring on separate dates and under different circumstances is not an abuse of discretion. [*State v.*] *Patterson,* [11-892 (La.App. 3 Cir. 2/1/12),] 83 So.3d 1209, [*writ denied*, 12-526 (La. 6/1/12), 90 So.3d 435.]
>
> The crimes at issue in this case were separate offenses that took place on different dates and at different locations; these offenses did not involve a "common scheme or plan." Pursuant to Article 883, the sentences for these crimes were to be served consecutively, unless the trial court explicitly ordered them to be served concurrently. *See also State v. Granger,* 08–1479 (La.App. 3 Cir. 6/3/09), 11 So.3d 666. The trial judge did not abuse his discretion by directing Defendant to serve consecutive sentences.

Like in *Coleman*, the crimes at issue in this case were separate offenses that took place on different dates and did not involve a "common scheme or plan." As accepted by both the defense and the state, the factual basis shows that the defendant committed the offense of possession of stolen firearms on January 4, 2019, when the police executed a search warrant on a home and located the firearms in the defendant's bedroom.  The possession of cocaine charge was a completely separate offense that occurred on February 10, 2020, as a result of a traffic stop. Therefore, under La.Code Crim.P. art. 883, the sentences for these

13

crimes were to be served consecutively, unless the trial court explicitly ordered that the sentences run concurrently. *See also Fowler*, 114 So.3d at 657-59.

Accordingly, the trial court did not err in imposing the defendant's possession of cocaine sentence to run consecutively with his possession of stolen firearms sentence.

## <u>CONCLUSION</u>

The defendant's conviction and sentence are affirmed.

**AFFIRMED.**