LOLLEY, J.
_JjThe defendant, Eddie Anderson, pled guilty to indecent behavior with a Juvenile in violation of La. R.S. 14:81. He was sentenced to seven years’ imprisonment at hard labor. The defendant now appeals, arguing that the sentence was excessive and that the trial court failed to notify him of his requirement to register as a sex offender under La. R.S. 15:542. For the reasons set forth below, we affirm the defendant’s conviction and sentence and remand for further proceedings.
Facts
The defendant was indicted on March 24, 2006, for aggravated rape, a violation of La. R.S. 14:42. The indictment was orally amended in open court on April 1, 2008, to a charge of indecent behavior with a juvenile who was 13 years old at the time, in violation of La. R.S. 14:81. The defendant entered an Alford “best interest” plea of guilty to the amended charge. During the guilty plea colloquy, the trial court discussed with the defendant the rights he was waiving as a result of pleading guilty as well as discussing with the defendant his age and education level. The trial court then explained to the defendant the sentencing range he would face as a result of pleading guilty. During the acceptance of the guilty plea, the trial court made no mention to the defendant that he would be required to register as a sex offender under La. R.S. 15:542.
The trial court explained the circumstances of the defendant’s arrest and the fact that he was indicted by a grand jury for aggravated rape. The trial court pointed out that the victim had given vivid descriptions of the alleged acts engaged in by the defendant and that, after his arrest, the | .¿defendant asked if it would make any difference if the child came on to him. The utterance of this ludicrous question led officers to believe that defendant had made some admission of guilt. The trial court pointed out that the victim has suffered from severe emotional distress since the incident and has been treated for depression. The trial court stated that he received many letters from friends of the defendant seeking leniency as well as a signed petition asking for the same.
The trial court sentenced the defendant to a period of seven years’ imprisonment at hard labor under the supervision of the Louisiana Department of Corrections. The trial court then notified the defendant of his right to appeal as well as the time periods in which to seek post-conviction relief. The defendant now appeals his sentence and the validity of his plea agreement.
Discussion

Registration Requirement

The defendant argues that the trial court erred in failing to notify him of his requirement to register as a sex offender under La. R.S. 15:542, and that this error made his guilty plea involuntary.
This court has held that the lack of notice can render a plea agreement involuntary when combined with other circumstances like defense counsel’s unpreparedness and inconsistency of the victim’s statements. State v. Burnett, 33,739 (La.App.2d Cir.10/04/00), 768 So.2d 783, writ denied, 2000-3079 (La.11/02/01), 800 So.2d 864. However, in the present case, the *1072 defendant’s retained counsel appeared in court with the defendant on |sApril 18, 2006, and represented the defendant continuously through sentencing. Further, defendant did not plead guilty until April 1, 2008, giving defense counsel time to prepare for trial and to inform defendant of the consequences of pleading guilty. There was no indication from the testimony elicited at sentencing that the victim’s statements were inconsistent. The only deficiency is the failure of the court to notify the defendant of the registration requirements of La. R.S. 15:542. Further, the defendant testified that he was aware of those requirements during the sentencing hearing. Accordingly, we find no merit in the argument that the trial court’s failure to give such notice to the defendant should result in the involuntariness of the guilty plea absent other circumstances indicating that the plea was not knowing and voluntary.
However, the defendant must be notified of his responsibilities in writing. Indecent behavior with a juvenile is defined as a “sex offense” under La. R.S. 15:541(24). Louisiana R.S. 15:542 provides registration requirements for sex offenders. In addition, La. R.S. 15:543 requires that the trial court notify a defendant charged with a sex offense in writing of the registration requirements, and that such notice be included on any guilty plea forms and judgment and sentence forms provided to defendant. Thus, we remand this matter to the trial court solely for the purpose of providing the appropriate written notice to defendant of the sex offender registration requirements in open court within 10 days of the rendition of the opinion and for the filing of written proof that defendant received notice in the |4record of the proceedings. See, e.g., State v. Scott, 42,997 (La.App.2d Cir.02/13/08), 975 So.2d 782.

Excessive Sentence

The defendant was sentenced to seven years’ imprisonment at hard labor, the maximum sentence permissible under La. R.S. 14:81. The defendant argues that this sentence is excessive because the defendant is a first felony offender and that there have been no prior allegations of sexual misconduct in his criminal history. Further, the defense argues that the defendant had been gainfully employed in the same position for 28 years and many members of the community, as well as family members, made statements or mailed letters to the court in support of the defendant.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 543,350 (La.App.2d Cir.08/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and *1073 the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.04/09/03), 842 So.2d 330; State v. Hardy, 639,233 (La.App.2d Cir.01/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 1995-2784 (La.05/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
The first prong of the test above is clearly met here. The trial court enumerated several factors that it considered in sentencing the defendant. The trial court considered the important factors enumerated in State v. Jones and others, discussing with the defendant during the guilty plea colloquy his age and education level, as well as considering those same matters during sentencing. The trial court considered the fact that employment awaited the defendant when he was released, and it considered the testimony of the friends and family of the defendant who testified about his relationship with his family members. The trial court discussed with the defendant his criminal history and whether he had been charged with certain crimes or only arrested (and even went so far as to refuse to consider one of the crimes contained in the presentence report because the court could not determine its veracity). The nature of the criminal acts was discussed, as were the statements made by the victim about her life subsequent to the crimes. The trial court considered the original charge as well as the present state of the victim’s life, pointing out that she had gone from being a good student to nearly failing and suffering from depression after these incidents occurred. |7The court has clearly met the requirements of the first prong of the ex-cessiveness test.
The only remaining question is: did the trial court abuse its discretion by sentencing this defendant to a grossly disproportionate sentence? No. The defendant was originally indicted for aggravated rape, a crime which carries a mandatory life sentence. The defendant was allowed to plea guilty to indecent behavior with a juvenile which carries a maximum sentence of seven years. The court found that due to the *1074 seriousness of the circumstances of the offense and the seriousness of the damage done to the victim of this crime, the defendant should be sentenced to the seven-year maximum under the applicable statute. The defendant has not shown that such a sentence is constitutionally excessive or, taking into account the circumstances of the offense, that the trial court abused its discretion in sentencing the defendant to the statutory maximum.
Conclusion
For the foregoing reasons, the defendant’s conviction and sentence are affirmed; however, the case is to be remanded to the trial court for the sole purpose of ordering the trial court to give the defendant written notice of the registration requirements of La. R.S. 15:542 as required by La. R.S. 15:543 in open court within 10 days of the issuance of this court’s opinion.
AFFIRMED AND REMAND FOR FURTHER PROCEEDINGS.