NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-571

STATE OF LOUISIANA

VERSUS

JOHN BOYD BAHAM

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12763-12
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Karen C. McLellan**
**Assistant District Attorneys**
**Post Office Box 3206**
**Lake Charles, Louisiana  70602-3206**
**(337) 437-3400**
**Counsel for Appellee:**
      **State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana  70602-3752**
**(337) 502-5146**
**Counsel for Defendant/Appellant:**
      **John Boyd Baham**

**John Boyd Baham**
**In Proper Person**
**ALC Mercury B1 - 26**
**3751 Lauderdale Woodyard Road**
**Kinder, Louisiana  70648**
**Defendant/Appellant**

**KEATY, Judge.**

Defendant, John Boyd Baham, appeals his conviction and sentence for indecent behavior with a juvenile. For the following reasons, we affirm. We further grant appellate counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

## PROCEDURAL BACKGROUND

The State charged Defendant with three counts of aggravated rape, violations of La.R.S. 14:42; two counts of carnal knowledge of a juvenile, violations of La.R.S. 14:80; and one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81(A)(1). Although he initially pled not guilty, Defendant subsequently pled guilty to count six, indecent behavior with a juvenile, and the other counts were *nolle prosequied*.[1] According to the plea agreement, Defendant faced up to seven years with or without hard labor and/or a fine of up to $5,000 as set forth in La.R.S. 14:81(H)(1). Defendant also pled guilty to a misdemeanor charge of carnal knowledge of a juvenile under a separate docket number.[2]

In exchange for Defendant's guilty plea to misdemeanor carnal knowledge of a juvenile in docket number 12765-12, the State *nolle prosequied* count one in that docket number which was forcible rape. Defendant was sentenced to seven years at hard labor for indecent behavior with a juvenile and six months in the parish jail for misdemeanor carnal knowledge of a juvenile. The sentences were ordered to run consecutively. Trial counsel noted his objection to the sentence imposed for the indecent behavior with a juvenile conviction.

---

[1] According to the record, these other counts were *nolle prosequied* under trial court docket number 12763-12.

[2] According to the record, Defendant pled guilty to carnal knowledge of a juvenile under trial court docket number 12765-12.

Defendant subsequently filed a *pro se* Motion to Amend Sentence. The trial court denied the motion as untimely, indicating that the Motion to Amend Sentence was actually a motion to reconsider sentence. Defendant subsequently filed a Motion and Order for Appeal of Sentences which was signed by the trial court. By including the docket numbers for both offenses on his motion for appeal, Defendant sought review of both of his sentences for indecent behavior with a juvenile and misdemeanor carnal knowledge of a juvenile. Two separate appeals were lodged with this court, and the current appeal involves the indecent behavior with a juvenile conviction. According to this court's opinion dated August 13, 2014, Defendant's appeal of his misdemeanor carnal knowledge of a juvenile conviction was dismissed, and he was instructed to file an application seeking supervisory review if he chose to seek review of the misdemeanor conviction. *State v. Baham*, 14-572 (La.App. 3 Cir. 8/13/14) (unpublished opinion). Accordingly, this opinion will address the merits of the appeal of indecent behavior with a juvenile only.

Defendant's appellate counsel has filed a brief pursuant to *Anders,* alleging the record contains no non-frivolous issues for appeal and requests this court grant his accompanying motion to withdraw. Pursuant to Defendant's request, on July 2, 2014, this court sent a copy of the record to Defendant. On that same day, by separate certified letter, this court notified Defendant that his counsel filed an *Anders* brief and that he had until July 28, 2014, to file a *pro se* brief should he so desire. To date, Defendant has not filed a *pro se* brief. For the following reasons, this court affirms Defendant's conviction and sentence for indecent behavior with a juvenile and grants appellate counsel's motion to withdraw.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

### *Assignment of Error*

Defendant's appellate counsel filed an *Anders* brief stating that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

The fourth circuit in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), explained the *Anders* analysis as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

### *Anders Analysis – Guilty Plea*

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in the bill of information, and

he was present and represented by counsel at all crucial stages of the proceedings. Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The trial court informed Defendant that he was waiving his right to a jury trial, his right to confront and cross-examine his accusers, his right to compel witnesses to testify, his right to remain silent, his right to be represented, and his right to appeal. These rights were also set forth in a written plea form signed by Defendant.

According to the guilty plea transcript, Defendant was twenty-one years old, had a tenth-grade education, and could read and write the English language. The trial court advised Defendant of the penalty range he was facing for both indecent behavior with a juvenile and for misdemeanor carnal knowledge of a juvenile. The trial court advised Defendant of the total penalties he would face if the two sentences were ordered to run consecutively or concurrently. The trial court explained that it was not bound by any sentencing recommendation made by the State and that Defendant's guilty plea could be used to enhance any offenses he commits in the future. Defendant stated that he understood the penalty range and the possibility of future enhancement. Defendant also signed a written plea form which set forth the plea agreement, the rights Defendant was waiving, and the penalty range to which he was exposed for indecent behavior with a juvenile.

Prior to accepting Defendant's plea, the trial court explained Defendant's obligation to comply with sex offender notification and registration requirements for fifteen years from the date he is released from prison. The trial court explained that Defendant's failure to comply would constitute a separate offense subject to its own punishment. Defendant signed a written form outlining the notification and registration requirements.

4

Defendant further stated that he had not been forced to plead guilty, that he had not been promised anything, and that he was pleading based on his own free will. After the State recited the factual basis for the plea to indecent behavior with a juvenile, the trial court asked Defendant if he admitted to committing those acts. Defendant affirmatively responded and pled guilty. The trial court found the guilty plea was knowingly and voluntarily entered. Based on the above, we find that that the trial court properly *Boykinized* Defendant and that he voluntarily and knowingly entered his guilty plea for indecent behavior with a juvenile.

### *Excessiveness of Sentence*

We find that a review of the sentence for excessiveness is appropriate since Defendant received the maximum sentence. In that regard, a *pro se* Motion to Amend Sentence was timely filed[3] and treated as a motion to reconsider sentence by the trial court. The motion failed to specify any grounds for reconsideration of the sentence and simply restated the sentence without asking the trial court for any specific relief. Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

---

[3] According to the record, the motion was filed on January 22, 2014, which was within thirty days of the imposition of sentence, i.e., January 13, 2014. Thus, the motion was filed within the time period set forth in La.Code Crim.P. art. 881.1.

In *State v. Williams*, 01-998, p. 11 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, 915, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59 (citing *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/13/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331), this court found that "[w]hen a defendant moves for reconsideration of sentence without specifying the ground for reconsideration, this court is limited to a 'bare bones' review of excessiveness." Thus, based on the *pro se* motion submitted by Defendant, this court will only perform a bare bones excessiveness review. Furthermore, as noted previously, Defendant's trial counsel orally objected to the excessiveness of the seven-year maximum sentence for indecent behavior with a juvenile.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

> . . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

6

> [An] appellate court may consider several factors
> including the nature of the offense, the circumstances of
> the offender, the legislative purpose behind the
> punishment and a comparison of the sentences imposed
> for similar crimes. While a comparison of sentences
> imposed for similar crimes may provide some insight, "it
> is well settled that sentences must be individualized to
> the particular offender and to the particular offense
> committed." Additionally, it is within the purview of the
> trial court to particularize the sentence because the trial
> judge "remains in the best position to assess the
> aggravating and mitigating circumstances presented by
> each case."

*State v. Decuir*, 10-1112, pp. 12-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 791

(citations omitted) (citing *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846

So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061).

In the present case, Defendant received the maximum term of imprisonment

(seven years) for indecent behavior with a juvenile. La.R.S. 14:81(H)(1).

"Maximum sentences are reserved for the most serious violations and the worst

offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d

217, 225 (citing *State v. Sullivan*, 02-35 (La.App. 5 Cir. 4/30/02), 817 So.2d 335).

For the following reasons, we find that the maximum sentence for indecent

behavior with a juvenile was appropriate in this case.

The trial court gave thorough reasons for the sentences imposed, including

aggravating and mitigating factors. Defendant received a substantial reduction in

sentencing exposure when he pled guilty. As originally charged in the present

docket number, Defendant faced three life sentences for three counts of aggravated

rape, two ten-year sentences for felony carnal knowledge of a juvenile, and a

twenty-five year sentence for indecent behavior with a juvenile.[4]  Furthermore, between the time Defendant committed the offense at issue and the time he entered his guilty plea in the present case, Defendant pled guilty to a separate incident of felony carnal knowledge of a juvenile.

We further find that Defendant's claim in his oral objection at sentencing that the trial court failed to give him concurrent sentences lacks merit.  Louisiana Code of Criminal Procedure Article 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.  Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.  In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

The trial court in the present case ordered the sentences imposed for indecent behavior with a juvenile and misdemeanor carnal knowledge of a juvenile to run consecutively.  According to the charging instruments filed for both offenses, the offenses involved separate victims and, therefore, were not based on the same act or transaction or part of a common scheme or plan.  Thus, in accordance with La.Code Crim.P. art. 883, the sentences imposed for the offenses would be served consecutively unless the trial court specifically ordered otherwise.[5]  We find that the trial court did not abuse its discretion by imposing consecutive sentences in the present case.

---

[4] The victim was under thirteen during a portion of the date range charged in the original indictment, making La.R.S. 14:81(H)(2) the applicable penalty provision.

[5] *See State v. Fowler*, 12-1380 (La.App. 3 Cir. 6/5/13), 114 So.3d 650, wherein this court stated that when offenses involve different victims, the presumption under La.Code Crim.P. art. 883 is that the sentences will be served consecutively rather than concurrently.

Considering these factors, we further find that the trial court did not abuse its discretion in imposing the maximum sentence in this case without suspending any portion of the sentence and without placing Defendant on probation. We are mindful of the Louisiana Supreme Court's repeated admonition to the courts of appeal that "the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case." *State v. Savoy*, 11-1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283 (citing *State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461).

Since Defendant received the maximum sentence, we have reviewed the jurisprudence to compare the sentence imposed in the present case with the sentences imposed on other similarly situated defendants. In *State v. Anderson*, 44,093 (La.App. 2 Cir. 4/8/09), 6 So.3d 1069, the second circuit upheld a seven-year maximum sentence on a first offender who entered an *Alford* plea to indecent behavior with a juvenile and was originally charged with aggravated rape. In *State v. Albarado*, 03-2504 (La.App. 1 Cir. 6/25/04), 878 So.2d 849, *writ denied*, 04-2231 (La. 1/28/05), 893 So.2d 70, the first circuit upheld a seven-year maximum sentence for indecent behavior with a juvenile when Albarado received the benefit of the dismissal of one count of aggravated crime against nature and when Albarado exploited his position as a teacher who supervised the victim. In *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, this court upheld a seven-year maximum sentence for Jordan's guilty plea to indecent behavior with a three-year-old juvenile when Jordan was a first-felony offender and was originally charged with molestation, aggravated oral sexual battery, and aggravated crime against nature, and the State recommended a three-year sentence. Furthermore, in *State v. Interiano*, 03-1760, p. 10 (La. 2/13/04), 868 So.2d 9, 16-17, the supreme

9

court held that the potential sentence of seven years for indecent behavior with a juvenile was not grossly disproportionate to Interiano's conduct of masturbating in physical proximity of a child.[6] The supreme court stated, "[g]iven the compelling state interest in protecting its young from abuse at the hands of adults, a maximum term of seven years at hard labor does not appear grossly disproportionate to the offense." *Id.* at 17.

We find that the facts and circumstances of the present case are comparable to the facts and circumstances of the foregoing cases wherein the maximum sentence has been upheld. Defendant in the present case received a significant reduction in sentencing exposure when he entered his guilty plea. At the guilty plea proceeding, Defendant also pled guilty to misdemeanor carnal knowledge of a juvenile. Additionally, between the commission of the present offense and his guilty plea, Defendant pled guilty in another case to felony carnal knowledge of a juvenile. As stated by the trial court, Defendant has a problem with young females. Although the age difference between Defendant, who was seventeen, and the victim, who was thirteen, was not as significant as the age difference in some of the cases discussed above, Defendant in the present case lured the victim to "hangout" with him under the pretense that other people would be present, smoked marijuana with the victim, and had sexual intercourse with the victim. According to the factual basis cited by the State, the victim stated that she did not consent to the sexual intercourse.

Considering comparable cases, the magnitude of the physical contact in this case, Defendant's other criminal activity, the significant reduction in sentencing

---

[6] The court in *Interiano* was addressing the constitutionality of the sentence prior to the imposition of sentence. Thus, the seven-year maximum sentence was only a potential sentence.

exposure Defendant received by pleading guilty, and the supreme court's repeated admonition to the courts of appeal not to substitute their judgments for that of the trial judges as to the appropriate punishment, we find that the trial court did not abuse its discretion by imposing a seven-year maximum sentence without any suspension or probation in the present case. Thus, the sentence imposed for indecent behavior with a juvenile is not excessive.

Defendant's conviction and sentence for indecent behavior with a juvenile is affirmed, and appellate counsel's motion to withdraw is granted.

**DECREE**

Defendant's conviction and sentence is affirmed. Appellate counsel's motion to withdraw is granted.

**AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

