STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-490


STATE OF LOUISIANA

VERSUS

JAMES B. WILLIAMS


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 70039
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

William E. Tilley
District Attorney
Post Office Box 1188
Leesville, LA   71446-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
        State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, LA   70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
        James B. Williams

AMY, Judge.

## Factual and Procedural Background

The defendant, James B. Williams, was charged with possession with intent to distribute cocaine, in violation of La.R.S. 40:967, and with possession of drug paraphernalia, in violation of La.R.S. 40:1023. He pled guilty to the lesser charge of possession of cocaine and to possession of drug paraphernalia. On the possession of cocaine charge, he was sentenced to five years at hard labor, which is to run consecutive to any other sentence that he may be subject to. He was also ordered to pay a $1,500.00 fine plus court costs. For the possession of drug paraphernalia charge, the defendant was sentenced to six months in the parish jail and was fined $500.00 plus court costs. This sentence was ordered to run concurrently with the defendant's sentence for possession of cocaine, but consecutively to any other sentence.

Upon the denial of his motion to reconsider sentence, the defendant perfected this appeal, arguing the excessiveness of his sentences. For the following reasons, we affirm.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

In the same bill of information, the defendant was charged with possession of cocaine with intent to distribute, a felony, and possession of drug paraphernalia, a misdemeanor. The penalty for possession of drug paraphernalia is imprisonment in the parish jail for not more than six months and/or a fine of not more than $500.00.

La.R.S. 40:1025(A). Thus, the defendant was not entitled to a jury trial on that offense. *See* La.Code Crim.P. art. 779. Because the defendant was entitled to a jury trial for the felony charge of possession of cocaine with intent to distribute and was not entitled to a jury trial on the possession of drug paraphernalia charge, the offenses were not triable by the same mode of trial and should not have been charged in the same bill of information. *See* La.Code Crim.P. art. 493. However, because the defendant failed to file a motion to quash the bill of information based on the misjoinder, he waived any objection to the error. La.Code Crim.P. art. 495 and *State v. Mallet*, 357 So.2d 1105 (La.1978), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 848 (1979). Further, the defendant entered a guilty plea without reserving any objection to the misjoinder. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, we find that the issue of misjoinder noted in our error patent review is waived.

Because the possession of drug paraphernalia charge is a misdemeanor, it was not triable by jury; therefore, the proper mode of appellate review is by writ rather than appeal. *See* La.Code Crim.P. art. 912.1. However, because the defendant's sentences were ordered to run concurrently, they are intertwined with each other. Therefore, in the interest of judicial economy, we will not sever the misdemeanor conviction but will address it on appeal. *See State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866. *Cf. State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084 (wherein this court severed a misdemeanor conviction for possession of marijuana from the defendant's appeal of two felony convictions because the defendant did not make any specific arguments regarding the misdemeanor conviction).

2

*Excessive Sentences*

The defendant argues that his sentences are constitutionally excessive. He contends that he "clearly is in need of treatment for his drug addiction, treatment which would best be served in a non-custodial environment." Because the defendant did not assert any specific grounds for excessiveness, we will evaluate his claim as a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993), *appeal after remand*, 626 So.2d 856 (La.App. 2 Cir. 1993), *writ denied*, 93-2933 (La. 2/11/94), 634 So.2d 373.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

By pleading guilty to possession of cocaine, the defendant faced imprisonment "with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars." La.R.S. 40:967. For this conviction, the defendant received the maximum sentence and was fined $1,500.00. The penalty for possession of drug paraphernalia is "a fine not in excess

3

of five hundred dollars, or imprisonment of not more than six months, or both." La.R.S. 40:1025(A). For that offense, the defendant was sentenced to the statutory maximum and was ordered to pay the maximum fine.

When imposing sentence, the trial court explained:

> In considering the Article 894.1 factors, I found the following to be pertinent. First, this is a drug case and there is significant economic harm or impact on society in general when one deals in the use or distribution of illegal drugs. There are no substantial grounds which would tend to excuse or justify his conduct nor did he act under provocation by anyone. He's forty-one years old. He's married and has three children. He is in good health. He has worked primarily as a laborer detailing cars. He was also in the United States Army and was court-martialed and discharged. He has a high school education. He has a history of use of marijuana and cocaine, ecstacy, hydrocodone, xanax and codeine syrup. He has been treated, in 1996, in the Blue Walters facility and, in 1997, in the Red River facility. He is classified as a third felony offender in that his record reflects that on October 8th, 1991 in the 30th Judicial District Court he was convicted of three counts of distribution of cocaine and given seven years on each count. He was paroled three times and each time his parole was revoked. He's still doing time on these charges. On January 8th, 2003 in the 30th Judicial District Court he was convicted of possession of Schedule II and Schedule III, given four years on each count. He has benefitted significantly from this plea agreement in that his exposure has been reduced quite a bit by the plea to the lesser charge of the possession.

After reviewing the record, we find that the defendant's sentences are not excessive. This is the defendant's third drug conviction. He was originally charged with possession with intent to distribute cocaine, for which the penalty is a sentence of up to thirty years, with the first two years being served without benefit of parole, probation, or suspension of sentence, and a possible fine of up to fifty thousand dollars. La.R.S. 40:967(B)(4)(b). By entering into a plea agreement, the defendant's potential maximum sentence was reduced significantly, and the State agreed not to file a habitual offender bill. Given the circumstances, we find that the trial court did not abuse its discretion in imposing its sentence.

4

Therefore, this assignment is without merit.

## DECREE

For the above reasons, the defendant's sentences are affirmed.

**AFFIRMED.**