# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 10-709

**STATE OF LOUISIANA**

**VERSUS**

**HENRY D. GILMORE**

**********

## APPEAL FROM THE
## THIRTIETH JUDICIAL DISTRICT COURT
## PARISH OF VERNON, NOS. 77011 & 77012
## HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

## JAMES T. GENOVESE
## JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,* Judges.

**AFFIRMED IN PART AND SEVERED
IN PART WITH INSTRUCTIONS.**

**James E. Beal**
**Louisiana Appellate Project**
**Post Office Box 307**
**Jonesboro, Louisiana  71251-0307**
**(318) 259-2391**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     Henry D. Gilmore

_____

* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Asa A. Skinner**
**District Attorney – Thirtieth Judicial District**
**Terry W. Lambright – Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Henry D. Gilmore, appeals his sentence on his felony conviction for possession of cocaine and also his sentence on his misdemeanor conviction for possession of marijuana, alleging excessive sentence and failure of the trial court to implement La.Code Crim.P. art. 894.1 in fashioning its sentence. For the following reasons, we affirm Defendant's sentence on his felony conviction for possession of cocaine, and we sever Defendant's appeal as it relates to his misdemeanor conviction and sentence for possession of marijuana.

## FACTS AND PROCEDURAL HISTORY

On August 5, 2009, Defendant was charged under trial court docket number 77011 with one count of possession of cocaine, a violation of La.R.S. 40:967, and under trial court docket number 77012 with one count of possession of marijuana, a violation of La.R.S. 40:966. He was also charged with aggravated battery and disturbing the peace under trial court docket number 76325.

On December 2, 2009, Defendant pled guilty to possession of cocaine, possession of marijuana, and disturbing the peace. Pursuant to Defendant's plea agreement, the aggravated battery charge was dismissed, and the State agreed not to file an habitual offender bill against Defendant in exchange for his guilty pleas. The facts, as stated at the guilty plea, are that "on or about March the 30th, 2009[,] persons of the Narcotics Task Force obtained a warrant to search a residence of Mr. Gilmore. As a result of that[,] it was discovered that there were Marijuana and Cocaine in that residence in his possession." Subsequent to Defendant's guilty plea, the trial court ordered a presentence investigation report.

On February 23, 2010, Defendant was sentenced to five years at hard labor on his conviction for possession of cocaine, six months in the parish jail on his

conviction for possession of marijuana, and thirty days in the parish jail on his conviction for disturbing the peace. All of the sentences were ordered to be served concurrently. However, as noted below, Defendant's conviction for disturbing the peace was severed from this appeal because it was a misdemeanor, and it was subsequently dismissed. *See State v. Gilmore*, an unpublished opinion bearing docket number 10-708 (La.App. 3 Cir. 8/11/10). Defendant filed a Motion to Reconsider Sentence, which was denied without written reasons on March 15, 2010. Defendant has timely filed an appeal.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## PROCEDURAL ISSUE

As noted above, Defendant pled guilty to three separate charges on the same day. These charges were filed in separate charging instruments with separate docket numbers: possession of cocaine (a felony), trial court docket number 77011; possession of marijuana (a misdemeanor), trial court docket number 77012; and, disturbing the peace (a misdemeanor), trial court docket number 76325. The Motion for Appeal and Designation of Record included all three trial court docket numbers. The trial court granted Defendant's appeal on all three docket numbers. The Vernon Parish Clerk of Court's office submitted two records to this court: one containing trial court docket number 76325, assigned appellate court docket number 10-708; the other containing trial court docket numbers 77011-12, assigned appellate court docket number 10-709. The proper appellate review for a misdemeanor conviction is

2

generally by writ of review and not by appeal. *See* La.Code Crim.P. art. 912.1. (C) Therefore, a procedural issue arises from the inclusion of the misdemeanors with the felony in Defendant's motion for appeal.

Defendant's appeal of the misdemeanor conviction for disturbing the peace was dismissed by this court. *Gilmore*, 10-708. However, his misdemeanor conviction for possession of marijuana is still part of the current appeal.

In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, defendant sought appellate review of his two felony convictions and his one misdemeanor conviction. This court noted that although defendant contested his misdemeanor conviction, he did not specifically make any argument with regard to that conviction. This court severed the misdemeanor conviction from the appeal and ordered defendant to file a writ of review regarding the misdemeanor conviction in compliance with the Uniform Rules of Court. This court considered the notice of appeal as a notice to file a writ of review within thirty days of its opinion if defendant desired to seek review of the misdemeanor conviction.

As in *Turner*, Defendant has not raised any assignment of error regarding his misdemeanor conviction for possession of marijuana. In his brief to this court, defense counsel acknowledges that the proper mode for review of Defendant's misdemeanor conviction is by writ of review. Defense counsel requests that this court give Defendant the opportunity to file a writ application regarding his misdemeanor charge. Therefore, we shall follow our holding in *Turner* and sever Defendant's misdemeanor conviction and sentence for possession of marijuana from the appeal, and we order Defendant to file a writ of review of his misdemeanor

3

conviction and/or sentence in compliance with the Uniform Rules of Court should he so desire.

## ASSIGNMENTS OF ERROR

Defendant raises two assignments of error. First, he alleges that his sentence of five years at hard labor is constitutionally excessive under the circumstances of the case. Secondly, he alleges that the trial court failed to particularize his sentence as required by La.Code Crim.P. art. 894.1.

Defendant asserts that his maximum sentence of five years is constitutionally excessive in that maximum sentences are reserved for the most egregious and blameworthy of offenders, and he is not the worst of offenders. Furthermore, he alleges that the offense is not the most serious of violations. Finally, he argues that the trial court failed to adequately comply with La.Code Crim.P. art. 894.1 in particularizing the sentence to the offender.

In *State v. Williams*, 07-490, p. 3 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, 746-47, while discussing the standard to be used in reviewing excessive sentence claims, this court quoted *State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, as follows:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether

4

the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Moreover, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citing *State v. Smith*, 99-606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501), this court provided a list of factors that may be considered when determining whether a sentence was excessive: "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment[,] and a comparison of the sentences imposed for similar crimes."

Defendant pled guilty to possession of cocaine. The range of punishment provided by statute for this offense is not more than five years, with or without hard labor; additionally, he "may be sentenced to pay a fine of not more than five thousand dollars." La.R.S. 40:967(C)(2).

At the sentencing hearing, the trial court noted for the record:

Okay, the Court considers the sentencing guidelines under Article 894.1, the pre-sentence report and its contents, the fact that this is this defendant's at least fourth or fifth felony offense. It's hard to tell from his record, it's so horrible. The Court finds that during - - that there may be an undue risk that during a period of probation this defendant may commit another crime. A lesser sentence would deprecate the seriousness of defendant's crime.

Defense counsel argues that Defendant was a twenty-four-year-old, fourth felony offender. (Contrary to this assertion, the presentence investigation report indicates Defendant is twenty-eight years of age.) Defense counsel also argues that "[a]ge was not mentioned by the Court in the sentencing of this defendant, nor were family ties, marital status, health, employment history, nor any other factor except his prior criminal history." We note that the presentence investigation report contained

5

none of the above information, and Defendant does not supply the information in his brief.

While admittedly the trial court's articulation of its reasons behind the imposition of Defendant's sentence was brief, "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in [La.Code Crim.P. art.] 894.1 will not necessitate a remand for resentencing." *State v. Bey*, 03-277, p. 6 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1273 (quoting *State v. Iron*, 00-1238, p. 10 (La.App. 3 Cir. 2/14/01), 780 So.2d 1123, 1128-29, *writ denied*, 01-1232 (La. 3/15/02), 811 So.2d 898). We find that there was an adequate factual basis for Defendant's sentence contained in the record and that the trial court adequately complied with La.Code Crim.P. art. 894.1 in particularizing the sentence to the offender.

Furthermore, a five-year sentence under circumstances similar to the present case is not uncommon in Louisiana. In *Williams*, 969 So.2d 744, defendant received the maximum sentence of five years at hard labor and a fifteen hundred dollar fine for a conviction for possession of cocaine. This court found no abuse of discretion on the part of the trial court. The defendant was a three-time felony offender who benefitted significantly from his plea agreement, and the State agreed to not prosecute him as an habitual offender.

The defendant in *State v. Fairley*, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, received five years at hard labor on a conviction for possession of cocaine. He alleged that the trial court abused its discretion in sentencing him to a maximum sentence. However, the fifth circuit held that defendant did not receive the maximum sentence, since he did not receive a fine as allowed by statute. The fifth circuit stated:

6

The sentence is in line with similarly situated defendants. In *State v. Hill*, 33-322 (La.App. 2 Cir. 4/5/00), 756 So.2d 1254, 1255, the court held that the maximum term of five years at hard labor was not excessive for a 31-year-old defendant with two prior drug convictions. In *State v. McCorkle*, 708 So.2d at 1219, this Court held that the defendant's sentence of five years at hard labor for possession of cocaine was not constitutionally excessive. The *McCorkle* court pointed out that the defendant had not received the maximum sentence that could have been imposed, since the trial judge could have ordered the defendant to pay a fine as well. This Court also observed that the defendant had a criminal history, which was indicated by the arrest report and probable cause affidavit containing the phrase, "Career criminal, Intercept Unit, Code-6." *Id.*

*Id.* at 815.

In *State v. Allen*, 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091, a case factually similar to the instant case, this court did not find that defendant's sentence shocked its sense of justice. Allen received a prison term of five years and a fine of two thousand dollars on a conviction for possession of cocaine. This court noted:

Possession of cocaine is punishable by imprisonment, with or without hard labor, for not more than five years, or a fine of not more than $5,000.00, or both. La.R.S. 40:967(C). Thus, Allen's five-year sentence was the maximum possible, but his $2,000.00 fine was less than one-half of the maximum possible. Allen received a significant benefit from his plea agreement. In addition to the reduction of two charges, two charges were dismissed, significantly diminishing his sentencing exposure.

. . . .

Finally, Allen maintains that he is not the worst type of offender and the offense was not the most serious of offenses. He asserts that no one was injured in the crime and that the effect on society, in general, should not be a factor in justifying a maximum sentence. Allen does not refer to any jurisprudence upon which he relies in making this argument.

The record reflects that the trial court considered Allen's Presentence Investigation Report which contained a plethora of information, including his personal, employment, social, and criminal history. The trial court then referred to several of the facts contained in the report at sentencing. Most notable is that Allen is a fourth felony offender.

This court affirmed a $1,500.00 fine and the maximum five-year sentence for possession of cocaine in a case in which the defendant had two previous drug convictions, was originally charged with possession of cocaine with intent to distribute, and in which the State refrained from billing the defendant as a habitual offender. *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744.

A five-year sentence for possession of cocaine was also affirmed in a case in which the trial court imposed no fine on a defendant who had a criminal history indicating that he was a career criminal with no prior convictions. *State v. McCorkle*, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.

Finally, this court affirmed a sentence of five years at hard labor in a case in which the twenty-six-year-old defendant, originally charged with possession with intent to distribute cocaine, was a third-time felony drug offender with a history of probation and parole revocations. *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127.

*Id.* at 1094-95.

In the instant case, Defendant was twenty-eight years of age at the time of sentencing and had already had four felony convictions. Defendant's presentence investigation report revealed that he had an extensive arrest record, starting in 1998, which included arrests for drug offenses, theft, violent crimes against persons, and attempted sex crimes. He received a significant benefit from his plea agreement in that a serious offense, aggravated battery, was dismissed, and the State agreed not to file an habitual offender bill against him. Considering the record before this court, we do not find that the trial court abused its vast discretion when it sentenced Defendant to five years imprisonment. Accordingly, we find no merit in either of Defendant's assignments of error.

## DISPOSITION

We affirm Defendant's sentence on his felony conviction for possession of cocaine. Due to the procedural error discussed above, we sever Defendant's appeal as it relates to his misdemeanor conviction and sentence for possession of marijuana.

8

Should Defendant choose to seek review of his misdemeanor conviction and/or sentence, he shall file an application seeking supervisory review with this court within thirty days of the date of this opinion.

**AFFIRMED IN PART AND SEVERED IN PART WITH INSTRUCTIONS.**