# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**22-565**

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH MATTHEW PARDUE A/K/A JOSEPH MATTHEWS PARDUE**

\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 19-1107
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Jonathan W. Perry, and Wilbur L. Stiles, Judges.

**AFFIRMED IN PART AND SEVERED IN PART WITH INSTRUCTIONS.**

Meghan Harwell Bitoun
Louisiana Appellate Project
P. O. Box 4252
New Orleans, Louisiana 70119
(504) 470-4779
**COUNSEL FOR DEFENDANT/APELLANT**:
    Joseph Matthew Pardue
    a/k/a Joseph Matthews Pardue

J. Reed Walters
District Attorney
28th Judicial District
W. Evans Dorroh, III
Assistant District Attorney
1683 N. Second Street
P. O. Box 1940
Jena, Louisiana 71342
(318) 992-8282
**COUNSEL FOR APPELLEE**:
    State of Louisiana

**PERRY, Judge.**

This negligent homicide case involves an automobile accident leading to the tragic death of three individuals and the negligent injuring of another. For the following reasons, we affirm Defendant's sentences on his three felony convictions for negligent homicide, and we sever Defendant's appeal as it relates to his misdemeanor conviction and sentence for negligent injuring.

## FACTS AND PROCEDURAL HISTORY

Because this case was resolved with guilty pleas, the facts in the record are not fully developed. However, the State set forth the following factual basis at the guilty plea hearing:

> [O]n Monday, July 29, 2019 Joseph Matthew or Matthews Pardue ["Defendant"] was operating a 2006 Kenworth Tractor, AKA a log truck. He was operating an unloaded log truck on Louisiana Highway 127, just outside of Olla, Louisiana, here in LaSalle Parish, at approximately 11:30 hours. Mr. Pardue struck a 2014 Ford Fiesta automobile being driven by one Jodee Alexis Sears ["Ms. Sears"]. Ms. Sears' date of birth is September 26, 2001. The vehicle was occupied by three other individuals. A Ms. Vicki Lynn Sears, whose date of birth was September 2, 1973. Brittany Lynn Martin, whose date of birth was August 1, 1995. And Brileigh Lynn Martin, whose date of birth was April 5, 2016.[1] Ms. Brileigh Martin was about three years old at that time, just turned three. As a result of the collision, Vicki Sears, Brittany Martin and Brileigh Martin were killed. The driver, [Ms. Sears] suffered severe injuries but survived the collision. In fact, [Ms. Sears] had to be taken, airlifted I believe it was, to Rapides General Hospital for treatment. The collision was caused by the negligence of [Defendant] in that [he] was operating his vehicle in a grossly reckless manner. [Defendant] stated that during the course of the investigation, which was investigated by the Louisiana State Police, Trooper Adrian Landreneau was the chief investigating officer, that he had checked his mirrors just prior to the crash and when he looked forward, he saw the Ford Fiesta but it was too late to avoid hitting the

---

[1] Although La.R.S. 46: 1844(W) requires the use of the victim's initials, the statute further states "[t]he public disclosure of the name of the juvenile victim is not prohibited by this Subsection when the crime resulted in the death of the victim."

vehicle. [Defendant] admitted to traveling sixty-two (62) miles per hour at the time but a witness, or actually two witnesses to the collision stated that they had followed [Defendant] since turning off from Olla onto Louisiana 127 and they were traveling at a consistent seventy (70) to seventy-two (72) miles per hour. Another witness, who was immediately behind the vehicle, indicated that the speed was a consistent seventy (70) to seventy-five (75) miles per hour. The witness also stated that at no time prior to the collision did he see any brake lights come on, on [Defendant's] log truck nor did it show any sign of braking. According to those witnesses who stopped at the scene, [Defendant] stated that he did not see the vehicle. Trooper Adrian Landreneau, who I submit to the Court is an accident reconstruction expert, went back to the scene where the accident occurred, drove it himself and didn't find trees or overhanging or anything like that on the roadway that would have obstructed a reasonably prudent driver to see what was ahead of him. Therefore, the collision was caused by the gross negligence, reckless disregard, I should say, for the safety of other people by checking your mirrors, driving too fast and not trying to avoid the collision.

On September 24, 2019, the State charged Defendant by bill of information bearing trial court docket number 19-1107 with three counts of vehicular homicide, a violation of La.R.S. 14:32.l. Defendant was also charged with one count of vehicular negligent injuring, a violation of La.R.S. 14:39.l, in a separate bill of information bearing trial court docket number 19-1108. After waiving arraignment on September 30, 2019, Defendant entered a plea of not guilty to the charges.

On January 4, 2022, the State amended the bill of information in trial court docket number 19-1107 to charge Defendant with three counts of negligent homicide, a violation of La.R.S. 14:32. At a *Boykin* hearing held on January 7, 2022, the State orally amended the bill of information in trial court docket number 19-1108 to charge Defendant with negligent injuring, a violation of La.R.S. 14:39. At that time, Defendant and his attorney reviewed and executed a Plea of Guilty and Waiver of Rights form in which Defendant withdrew his not guilty pleas and pled guilty to the amended charges. In that plea form, it was specifically stated, "**Blind**

2

**Plea-** No promise of any sentence has been made. Pre-Sentence Report will be ordered and sentence will be imposed after its return at a sentencing hearing." Before accepting the pleas, the trial court first questioned Defendant to determine whether Defendant's plea was knowingly, intelligently, and voluntarily made. After questioning Defendant, the trial court accepted Defendant's guilty pleas and informed him it was ordering a presentence investigation (PSI) because Defendant was entering the pleas "in the blind."

On March 2, 2022, the trial court held a sentencing hearing. In trial court docket number 19-1107, Defendant was sentenced as follows: five years at hard labor with a one thousand dollar fine on count one; five years at hard labor with a one thousand dollar fine on count two; and five years at hard labor without the benefit of parole, probation, or suspension of sentence on count three. In trial court docket number 19-1108, Defendant was sentenced to six months in the parish jail for negligent injuring. The trial court ordered the negligent homicide sentences be served consecutively to one another but concurrently with the negligent injuring sentence.

Although Defendant did not object to the sentences at the conclusion of the sentencing hearing, he timely filed a written motion to reconsider sentence. In his motion, Defendant claimed the trial court failed to consider the mitigating circumstances and further that his maximum sentences were excessive. Following a hearing, the trial court denied Defendant's motion to reconsider sentence.

On June 24, 2022, Defendant filed a motion for appeal which was granted by the trial court.

3

## APPELLANT'S ASSIGNMENTS OF ERROR

Defendant is now before this court alleging three assignments of error regarding his negligent homicide sentences: (1) The imposition of consecutive maximum sentences for this defendant is unconstitutionally excessive; (2) The trial court erred in imposing consecutive sentences in the absence of particular justification therefor; and (3) The trial court erred in imposing sentences based in part on the crime charged, rather than the crime for which Defendant was convicted.

## PRELIMINARY PROCEDURAL ISSUES

Before addressing Defendant's arguments, we must examine two procedural issues, namely: (1) whether Defendant can seek review of the sentences imposed; and (2) whether it was proper to include Defendant's guilty plea to negligent injuring, a misdemeanor, in this appeal.

*Appellate Review*

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court has consistently held that it is "not automatically precluded from reviewing a sentence unless the plea agreement provides a specific sentence or sentencing cap." *State v. Curtis*, 04-111, p. 2 (La.App. 3 Cir. 8/4/04), 880 So.2d 112, 114 (*citing State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, and *writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081)), *writ denied*, 04-2277 (La. 1/28/05), 893 So.2d 71. The plea agreement in

4

the present case did not result in specific sentences or sentencing caps; therefore, this court is not automatically precluded from reviewing the sentences imposed.

However, there is an additional issue which must be discussed, namely whether the plea form, which defendant and his defense counsel signed at the time of the guilty pleas, explicitly waived his right to appeal. The "Plea of Guilty and Waiver of Rights" form contains the following clause:

> 8. /s/JP *In exchange to the above charge and sentence bargained for, I understand this matter will be finalized and waive all rights* to file any post-trial motions including but not limited to an appeal of my conviction and sentence, Motions to Reconsider Sentence, New Trial, Amend Sentence, Request for Public Records on this case, and Post-Conviction Relief within 2 years after the judgment of conviction and sentence has become final; also because I was advised of the rights listed above, I waive my right to request a free transcript of my guilty plea unless I state a particularized need[.]

Thus, we must determine whether the written waiver in the plea form precludes Defendant from appealing his sentences. In *State v. McAdory*, 17-571, pp. 4-6 (La.App. 3 Cir. 1/4/18), 237 So.3d 539, 542-43, this court addressed the issue as follows:

> At the outset, we address the State's objection to Defendant's appeal, arguing that it lacks merit because Defendant waived his right to appeal his conviction and sentence. In support, the State references the Plea Agreement, which was signed by Defendant and his attorney at the time of his plea, which contains the following clause:

>> 3) By accepting this plea agreement, the defendant waives, releases and relinquishes any and all rights to appeal the conviction and sentence resulting from this plea agreement, whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise.

>> . . . .

> [T]he question is whether the clause stating that Defendant waives his right to appeal his conviction and sentence should be upheld as valid.

5

The State argues that because the supreme court found in *State v. Bordelon*, 07-525 (La. 10/16/09), 33 So.3d 842, that even a capital defendant sentenced to death may waive his right to appeal, the waiver should be considered valid so long as it was given knowingly and intelligently. We caution, however, that the *Bordelon* court also noted it was still required to review the defendant's capital sentence for excessiveness under La.Code Crim.P. art. 905.9. Although the excessiveness issue in *Bordelon* is not relevant in the instant matter, we note that the trial court instructed Defendant at sentencing that, "[y]ou have two years from the date this sentence becomes final to assert any claim for post-conviction relief and you have 30 days in which to file an appeal." We will, therefore, address Defendant's appeal.

This court reviewed McAdory's excessive sentencing claim despite the written waiver in his plea form because the trial court explicitly advised him at sentencing that he had the right to file an appeal. *See also State v. Granado*, 18-485 (La.App. 3 Cir. 12/6/18), 261 So.3d 51, *writ denied*, 19-48 (La. 9/6/19), 278 So.3d 968. Similarly, in the case now before us the trial court informed Defendant at sentencing, "You are also notified that you have 30 days from today in which to file a Motion to Reconsider Sentence, and 30 days from today in which to file a Motion for Appeal or seek a writ of review." Therefore, we conclude that Defendant's sentences may be reviewed irrespective of the written waiver in the plea form.

*Defendant's Misdemeanor Conviction*

As noted earlier, Defendant was charged in separate bills of information bearing separate docket numbers. On January 7, 2022, Defendant pled guilty to three counts of negligent homicide in trial court docket number 19-1107 and one count of negligent injuring in trial court docket number 19-1108. Negligent homicide is a felony whereas negligent injuring is a misdemeanor. Defendant's motion for appeal included both trial court docket numbers, and the trial court granted an appeal in both docket numbers. However, the LaSalle Parish Clerk of

6

Court's Office submitted one appellate record to this court bearing trial court docket number 19-1107. Therefore, a procedural issue arises from the inclusion of the misdemeanor with the felonies in the motion for appeal.

The proper appellate review for a misdemeanor conviction and/or sentence is by supervisory writ of review. *See* La.Code Crim.P. art. 912.1(C)(1).

This court dealt with a similar situation in *State v. Gilmore*, 10-709 (La.App. 3 Cir. 12/8/10), 54 So.3d 146. In *Gilmore*, the defendant pled guilty to three charges which were filed in three separate charging instruments bearing different trial court docket numbers. The defendant's motion and order for appeal included all three trial court docket numbers but only two appellate records were received by this court. One of the appellate records contained both a felony and a misdemeanor, each bearing a separate trial court docket number. In *Gilmore*, this court relied on its previous holding in *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, and severed the misdemeanor from the appeal and ordered the defendant to file a supervisory writ of review if he wished to seek review of his misdemeanor conviction and/or sentence.

Therefore, following the holdings in *Turner* and *Gilmore*, we sever Defendant's misdemeanor conviction and sentence for negligent injuring from the appeal. Should Defendant wish to seek review of his misdemeanor conviction and/or sentence, he should do so by filing a supervisory writ of review with this court within thirty days of the date of this opinion.

7

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

**APPELLANT'S ASSIGNMENT OF ERROR NO. 1**

In his first assignment of error, Defendant alleges the trial court's compliance with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 was inadequate because it failed to properly consider the mitigating circumstances before imposing the sentences. Defendant argues his maximum sentences are unconstitutionally excessive as the sentences inflict needless and purposeless pain and suffering and do not make a measurable contribution to the acceptable goals of punishment. Defendant asserts lesser sentences tailored to him would not deprecate the seriousness of his crimes.

To review a sentence for excessiveness, the record must show the trial court considered the guidelines set forth in La.Code Crim.P. art. 894.1. *State v. Ray*, 423 So.2d 1116 (La.1982). The goal of La.Code Crim.P. art. 894.1 is the articulation of a factual basis for a sentence, not a rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La.App. 2 Cir. 1/13/21), 310 So.3d 307. "While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La. 1983) (citing. *Ray*, 423 So.2d 1116; *State v. Keeney*, 422 So.2d 1144 (La.1982); and *State v. Duncan*, 420 So.2d 1105 (La. 1982)). Importantly, the trial court should consider the defendant's personal history, including his age,

marital status, health, and employment record; his criminal record; the seriousness

of the offense; and the "potential for rehabilitation through correctional services

other than confinement." *State v. Jones*, 398 So.2d 1049, 1051-52 (La.1981).

"There is no requirement that specific matters be given any particular weight at

sentencing." *State v. Brown*, 51,352, p. 22 (La.App. 2 Cir. 5/2/17), 223 So.3d 88,

103 (citations omitted), *writ denied*, 17-1154 (La. 5/11/18), 241 So.3d 1013.

Additionally, appellate courts must determine whether the sentence imposed

is constitutionally excessive:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43 (citing *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067).

> . . . .

> "[Louisiana] Const. art 1, § 20, guarantees that, '[n]o law shall subject any person to cruel or unusual punishment.'" *Barling*, 779 So.2d at 1042-43. "To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *Id*. at 1042 (citing *State v. Campbell*, 404 So.2d 1205 (La.1981)).

> The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Barling*, 779 So.2d at 1042-43 (citing *State v. Cook*, 95-2784 (La. 5/3 1/96), 674 So.2d 957, *cert denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)). In reviewing the defendant's sentence, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ*

*denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. "[T]he appellate court must be mindful that the trial court is in the best position to consider the aggravating and mitigating circumstances of each case . . ." *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100 (citing *Cook*, 674 So.2d 957).

*State v. Rexrode*, 17-457, pp. 3-4 (La.App. 3 Cir. 11/15/17), 232 So.3d 1251, 1253-54 (alterations in original). "Generally, maximum sentences are reserved for the most serious violation of the offense and the worst type of offender." *State v. Herbert*, 12-228, p. 5 (La.App. 3 Cir. 6/13/12), 94 So.3d 916, 920, *writ denied*, 12-1641 (La. 2/8/13), 108 So.3d 78.

At the sentencing hearing in the present case, defense counsel indicated that Defendant wished to make a statement. Defendant started to read his statement offering his sympathy and apologies to the victims and their families but was unable to continue. Defense counsel moved to file the statement in the record without objection.[2] Several of the victims' family members testified regarding their grief, their sense of loss, and the toll the deaths had on their family. Ms. Sears, the sole survivor of the car crash, stated her mother was her best friend and because of the crash, she was facing the rest of her life without her mother. Ms. Sears testified that her memories were affected by the crash and that she lost precious memories of her family members in addition to suffering from lifelong foot pain. Neither the State nor defense counsel presented any other evidence or arguments to the trial court. The trial court indicated it had reviewed the PSI, heard Defendant's partial statement and the victim impact statements, and assessed the factors set forth in La.Code

---

[2] Defendant's written statement does not appear in the record.

10

Crim.P. art. 894.1. Before imposing the sentences, the trial court stated the following:

> [B]ecause of your serious nature of your crime, I do not believe the ends of justice would be served if I gave you simply a suspended or probated sentence. Because of the nature of this offense, although it is not likely that you would engage in this conduct . . . in the future, I must find that there is an undue risk to others of the community if you were given a suspended [sentence] or placed solely on probation. Further, I believe that you are in need of correctional treatment that can be provided most effectively by the commitment to an institution. Negligent homicide is clearly a serious offense, and it will not be taken lightly by this court. . . .I believe that a lesser sentence would deprecate the seriousness of the offense charged.

As the trial court noted, there are multiple penalty provisions for negligent homicide. Louisiana Revised Statutes 14:32(C) provides, in pertinent part:

> (1) Except as provided for in Paragraph (2) of this Subsection, whoever commits the crime of negligent homicide shall be imprisoned with or without hard labor for not more than five years, fined not more than five thousand dollars, or both.

> (2)(a) If the victim killed was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation, parole, or suspension of sentence, for not less than two nor more than five years.

On counts one and two, Defendant was sentenced to five years at hard labor with a one thousand dollar fine. On count three, Defendant was sentenced to five years at hard labor without the benefit of parole, probation, or suspension of sentence, because the victim was under the age of ten. Thus, the trial court imposed the maximum sentences of imprisonment.

As to the nature and background of the offender, Defendant was described as a thirty-six-year-old first felony offender with one prior arrest for obscenity in 2004. Defendant had an eleventh grade education, drove log trucks for a living at the time of the incident, and was married with two children who relied on him for support.

11

The trial court noted Defendant had lost six children to tragic circumstances and surmised his children's deaths could have contributed to his substance abuse problems. However, the trial court found that fact did not excuse Defendant's actions and reckless behavior. According to Defendant's own admission, he was a habitual user of methamphetamine and had smoked methamphetamine a few days prior to the incident.

At the hearing on Defendant's motion to reconsider sentence, the trial court reiterated that the only possible mitigating factor was Defendant's remorse. In aggravation, the trial court noted Defendant's drug use and that three people were killed due to his reckless conduct.

Regarding the imposition of the maximum sentences of incarceration for negligent homicide, appellate courts have upheld a range of sentences from three to five years, although sometimes with suspended sentences. The imposition of maximum sentences was generally discussed in *State v. Webre*, 09-351, pp. 3-4 (La.App. 3 Cir. 11/4/09), 21 So.3d 1154, 1156-57 (alterations in original), as follows:

> In *State v. Burnaman*, 03-1647, p. 5 (La.App. 3 Cir. 5/12/04), 872 So.2d 637, 641, this court considered the appropriateness of the imposition of maximum sentences, explaining:
>
>> [M]aximum sentences are usually reserved for the most egregious and blameworthy of offenders. *State v. LeBlanc*, 578 So.2d 1036 (La.App. 3 Cir. 1991), *writ denied*, 620 So.2d 833 (La.1993). In reviewing the imposition of a maximum sentence, the First Circuit has held:
>>
>>> This Court has stated that maximum sentences permitted under statute may be

12

> imposed only for the most serious offenses and the worst offenders, *State v. Easley*, 432 So.2d 910, 914 (La.App. 1 Cir.1983), or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. *See State v. Chaney*, 537 So.2d 313, 318 (La.App. 1 Cir.1988), *writ denied*, 541 So.2d 870 (La.1989). A trial court's reasons for imposing sentence, as required by La.Code Crim. P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. *State v. McKnight*, 98-1790 at p. 25, 739 So.2d [343] at 359 [ (La.App. 1 Cir. 1999)].

> *State v. Runyon*, [05-36, 05-104, pp. 22-23 (La.App. 3 Cir. 11/2/05),] 916 So.2d [407,] 423-241, *writ denied*, 06-1348 (La.9/1/06), 936 So.2d 207].

*State v. Runyon*, 06-823, p. 12 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, 830, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330.

The defendant in *Webre* received the maximum sentence for negligent homicide which this court affirmed on appeal. This court noted the defendant had a criminal history, including numerous arrests and prior driving while intoxicated (DWI) and hit-and-run convictions, and showed a lack of remorse.

In *State v. Hughes*, 03-420 (La.App. 3 Cir. 12/31/03), 865 So.2d 853, *writ denied*, 04-663 (La. 9/24/04), 882 So.2d 1165, this court found a five-year sentence for negligent homicide was not excessive for a first-time felony offender with four children. The defendant attempted to commit suicide by driving into a head-on accident at high speed but instead killed the driver of the other car. This court stated:

> The trial court cited the applicable factors set forth in La.Code Crim.P. art. 894.1, noted Defendant's lack of a criminal record and letters of support in her favor; but, concluded Defendant's "wanton and reckless disregard for the lives and safety of others . . . dictates a sentence that fits the nature of this offense." The trial court did not abuse its discretion in sentencing this Defendant to the five-year maximum term of imprisonment.

*Id.* at 860.

Recently, this court found the maximum five-year sentence and maximum $5,000 fine was not excessive for a defendant who pled guilty as charged to negligent homicide. *State v. Vascocu*, 22-511 (La.App. 3 Cir. 12/14/22), --- So.3d ---.

In *Vascocu*, the defendant hit the victim in the back of the head with a loaded firearm which caused the firearm to discharge a bullet into the victim's head. Following the shooting, the defendant instructed a family member to call 911, remained at the scene, disarmed himself, and voluntarily confessed to the crime. The defendant was a sixty-eight-year-old first offender with no prior arrests who suffered from health problems. This court determined the trial court complied with the sentencing guidelines in La.Code Crim.P. art. 894.1, and the maximum sentence was not disproportionate to the severity of the offense.

Although Defendant contends in the present case that the trial court failed to consider the mitigating circumstances, our close reading of the record shows the trial court complied with La.Code Crim.P. art. 894.1 and further that a factual basis for the sentences imposed is apparent from the record. "Where the record clearly shows an adequate factual basis for the sentence imposed[, the supreme] court has held that remand is unnecessary, even where there has not been full compliance with Article 894. 1." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982) (citations omitted).

In the present case, the trial court considered Defendant's age, marital status, employment at the time of the incident, his lack of a criminal record, and the seriousness of the offenses but concluded his reckless disregard for the lives and safety of others required the maximum sentences imposed. Therefore, the trial

14

court's considerations during sentencing were in accordance with La.Code Crim.P. art. 894.1.

Defendant has failed to show the trial court abused its discretion in sentencing him to the maximum sentences of incarceration. Defendant's sentences are comparable to other sentences imposed for negligent homicides, and the sentences imposed neither shock the sense of justice nor are they disproportionate to the severity of the offenses. Further, when evaluating sentences given to defendants for similar crimes, it must be acknowledged that "[t]he trial judge is given great discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside in the absence of abuse of his discretion." *State v. Bradley*, 414 So.2d 724, 725 (La.1982) (citations omitted). The relevant question is "'whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" *State v. Cook*, 95-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959 (quoting *State v. Humphrey*, 445 So.2d 1155, 1165, (La.1984)), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)).

Accordingly, this assignment of error is without merit.

### APPELLANT'S ASSIGNMENTS OF ERROR 2 AND 3

In his second assignment of error, Defendant asserts the trial court erred in ordering his sentences be served consecutively in the absence of particular justification. And in his third assignment of error, Defendant argues the trial court erred in basing his sentences, in part, on the crimes he was charged with committing rather than the crimes for which he was being sentenced. Because these assignments of error share a common thread which precludes appellate review, they will be addressed together.

Louisiana Code of Criminal Procedure Article 881.1(E) provides the mechanism for preserving the review of a sentence on appeal:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

When a motion to reconsider sentence is made, La.Code Crim.P. art. 881.1 requires the defendant to include the specific ground upon which the motion is based. If the defendant does not include a specific ground for reconsideration, the appeal is limited to a claim of constitutional excessiveness. *See State v. Vice*, 21-143 (La.App. 3 Cir. 10/6/21), 329 So.3d 388.

In *State v. Mims*, 619 So.2d 1059, 1059 (La.1993) the supreme court discussed La.Code Crim.P. art. 881.1 as follows:

> [O]ne purpose of the motion to reconsider, mandated by La.Code Crim.Proc. Art. 881.1, is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing.

In the present case, Defendant claimed the trial court failed to consider the mitigating circumstances before imposing his sentences and further that his maximum sentences of incarceration were constitutionally excessive. At no time did Defendant specifically allege in his motion that the trial court erred in imposing consecutive sentences and he did not allege the trial court improperly considered the original charges of vehicular homicide before sentencing Defendant on the amended charges of negligent homicide. Furthermore, Defendant did not present any

16

argument on these issues at the hearing on the motion to reconsider sentence. Therefore, pursuant to La.Code Crim.P. art. 881. 1(E), we find this court is precluded from addressing Defendant's arguments.

**DECREE**

We affirm Defendant's sentences for negligent homicide. Due to the procedural error discussed above, we sever Defendant's appeal as it relates to his misdemeanor conviction and sentence for negligent injuring. Should Defendant choose to seek review of this misdemeanor conviction and/or sentence, he shall file an application seeking supervisory review with this court within thirty days of the date of this opinion.

**AFFIRMED IN PART AND SEVERED IN PART WITH INSTRUCTIONS.**